**Farron Dean LEACH, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

No. 92–10.

Supreme Court of Wyoming.

Aug. 26, 1992.

Leonard D. Munker, State Public Defender, Deborah Cornia, Asst. Public Defender, and Gerald M. Gallivan, Director, Kathleen J. Mowry, Student Intern, and Susan K. Truax, Student Intern, Defender Aid Program, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Mary B. Guthrie and Barbara L. Boyer, Sr. Asst. Attys. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

URBIGKIT, Justice.

An arson conviction provides cause for our review of a *corpus delicti* issue. Ability to pay presents a restitution question and the appeal includes an ineffectiveness of counsel contention. The second issue—restitution—is conceded by the State. The third issue is conceded by appellant and we affirm the conviction on the arson charge.

Farron Dean Leach, appellant, and his ex-girlfriend (OGF) had a tempestuous on-again, off-again romantic relationship having, at one time, lived together. A one-time restraining order had also been obtained by OGF. May 4 and 5, 1991 provided a bad scene. Drinking together at a party, a fight between these two people erupted and physical violence ensued. OGF quickly left to seek physical violence protection in a safe house.

Following OGF's departure, a friend took Leach from the party and rather than deliver him to his temporary residence, left Leach in an alley about fifty feet from his ex-girlfriend's duplex residence around

11:00 p.m. Leach was later tentatively identified by an area visitor as a person "lurking" near the building. That witness went into the facility and within an hour smelled smoke. The dual unit residential facility was substantially destroyed by the fire which followed, resulting in significant loss not only to OGF in her personal effects, the building owner in structure damage, but also the occupants of the other apartment for destroyed and damaged furniture and personal effects.

Leach was arrested and convicted of first degree arson and sentenced to the penitentiary to a term of ten to twenty years, required to make payment of $50 for victim's compensation, and ordered to pay restitution for the damage of more than $18,000.

This appeal has a sufficiency of the evidence concept within contended failure of the prosecutor to prove the *corpus delicti* of the first degree arson. The totality of the evidence to be sufficient for conviction (with admissions) is not actually the essence of Leach's argument. Rather, it is contended that before pre- and post-event statements of Leach were admitted into evidence, there was insufficient proof that any crime had actually occurred, e.g., his arson of his ex-girlfriend's residence. Leach confines this appeal by his acknowledgement: "Proof that the defendant was the person who engaged in the unlawful conduct is not an element of the *corpus delicti* and as such is not an issue in this appeal."

In other words, if it was arson, sufficiency of the proof of his involvement is not questioned for appellate review. Essentially, the status of the record is achieved by a before-the-fire statement attributed to Leach by an unimpeached witness that he, Leach, was going to "burn that bitch up." This evidence was augmented by testimony of another witness who indicated that Leach stated after the fire that he had burned OGF's house down. This was the "I am going to" before and "I have done

it" after event evidence of self-admitted guilt.

Consequently, with presence in the area established, threat before, and adequate admission afterward, the disputed fact was whether the fire was actually arson-caused at all. The substance of Leach's argument was bolstered by negative tests on the carpeting where the fire was started which were insufficient to totally establish whether an accelerant was used to start the fire. In trial proof, it was conversely demonstrated that other potential causes, including electrical source, a defective furnace, or a cigarette burn, could be ruled out by expert testing. A splash pattern was designated in investigation as descriptive of arson initiated by flammable liquid usage poured upon the floor covering. It was stated as opinion of the expert witness that the fire had been caused after flammable liquid had been splashed on the floor and ignited. It was only a determination of the specific flammable liquid that had not definitively been established. In addition, ill will and animus were effectively demonstrated within the history of the association of the two principals in their saga of associated difficulty.[1]

This court has visited a similar event in the decisively determined case of *State v. Wenger*, 47 Wyo. 401, 38 P.2d 339 (1934). The case involved arson of a barn with ill will and threats by the defendant in advance of its occurrence. Opportunity existed, suspicious circumstances were demonstrated, and reasonable alternative causes were adequately disproved.

Justice Blume, in writing for the court, stated:

> In arson, as in other criminal cases, it is necessary to prove the *corpus delicti* and the identity of the prisoner. * * * The *corpus delicti* is not shown by the mere proof of the burning, but it is necessary for the state to show that the burning was of incendiary and criminal

origin and not accidental, and the presumption is that it was accidental. * * *

> *      *      *      *      *      *

> The facts and circumstances which tend to prove the *corpus delicti* are often interwoven and considered with those which connect the accused with the crime. * * *

> *      *      *      *      *      *

> The evidence tending to show the defendant's connection with the arson, too, was wholly circumstantial, and it is insisted that it was not sufficient to show that he is guilty of the crime with which he is charged. It is true, as claimed, and as charged by the trial court, that the evidence to convict the defendant herein must be sufficient to show, to the exclusion of every other reasonable hypothesis, that he is the guilty person. But the determination of that fact is primarily for the jury. Counsel seems to be under the impression that this court must likewise be able to say that, even though we have but the cold record before us. But that is not so. True, this court is the ultimate tribunal to say whether or not the facts shown in the case are legally sufficient to satisfy the criterion of law applied in such cases. And that is sometimes a delicate task. It is at times difficult to either answer in the affirmative or the negative. It has not been easy in the case at bar. But mindful as we are, and as we must be, that a defendant should not be convicted unless he is guilty beyond a reasonable doubt, still we must also be mindful of the rights and security of society. Nor must we forget that the constitution and the laws have granted the primary right to determine the facts to the jury. And simply because this court cannot definitely determine, from the cold record before it, that the defendant is guilty beyond a reasonable doubt, does not necessarily

---

1. The attributory evidence against Leach was augmented by the testimony of OGF's son who described an incident a couple of weeks before the fire when he was talking to Leach. His testimony included this statement:

Q. What did he tell you?
A. He says that my mom was a "bitch" and all this other stuff, and then he says, "Well, I'm going to kill you all," and then that's when I left.

give it the right to set the verdict of the jury aside.

*Id.* at 407–10, 38 P.2d at 341–42.

■ This court's recognition in *Wenger* of the interwoven circumstances normally encountered in trial proof defines our general recognition that a mandatory sequencing of evidence will not be adopted. Prosecutorial discretion for trial planning equally applies to confession evidence or to *corpus delicti* presentation provided the *corpus delicti* is proven before submission of the case to the jury. *Alcala v. State,* 487 P.2d 448 (Wyo.1971), *cert. denied* 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466 (1972); *Markoff v. State,* 52 Wyo. 457, 75 P.2d 773 (1938); *Konopisos v. State,* 26 Wyo. 350, 185 P. 355 (1919). The *corpus delicti* may be established by circumstantial evidence. *Borrego v. State,* 423 P.2d 393 (Wyo.1967). "The state must produce proof aliunde of the *corpus delicti* aside from the extrajudicial confession of the defendant." *Brown v. State,* 415 S.E.2d 811, 812 (S.C.1992). No timing of proof separated sequence requirement exists in this jurisdiction. *Wenger,* 47 Wyo. at 408, 38 P.2d at 341.

■ This court in more recent time has been provided the opportunity to revisit the arson prosecution in considering the appropriateness and validity of the expert testimony which is a factor in this case. *See Aden v. State,* 717 P.2d 326 (Wyo.1986). Similarly, we perceive in this case that the expert witness at trial provided "[a]mple evidence from which the jury could conclude that [defendant] started the fire." *Id.* at 330. In a recent North Carolina Supreme Court case, *State v. Pigott,* 331 N.C. 199, 415 S.E.2d 555, 559–60 (1992),

that court likewise assessed the sufficiency of the evidence in an arson case:

In ruling on a motion to dismiss [here raised at trial by contention that the corpus delicti had not been adequately demonstrated], the trial court must consider all the evidence admitted in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom, and it must decide whether there is substantial evidence of each element of the offense charged. *State v. Brown,* 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "If there is any evidence that tends to prove the fact in issue or that reasonably supports a logical and legitimate deduction as to the existence of that fact and does not merely raise a suspicion or conjecture regarding it, then it is proper to submit the case to the jury." *State v. Artis,* 325 N.C. 278, 301, 384 S.E.2d 470, 483 (1989), *judgment vacated on other grounds,* 494 U.S. 1023, 110 S.Ct. 1466, 108 L.Ed.2d 604 (1990).

*See also State v. Anderson,* 434 A.2d 6 (Me.1981).

North Carolina also provided a case of very similar circumstance, *State v. Wright,* 302 N.C. 122, 273 S.E.2d 699 (1981), in which a girlfriend burn-out arson charge developed. Proximity, bad feeling, threats, and excluded alternative causes provided "substantial evidence" to sustain the guilty verdict.[2]

■ Considering the general sufficiency of the evidence perspective of this appeal, the before-the-fire threat and the sub-

---

**2.** The interesting but unaddressed question is raised of whether arson-induced damage to more than one unit in a multi-unit facility constitutes multiple crimes. *See Richmond v. State,* 326 Md. 257, 604 A.2d 483 (1992). The severity under the law with which the arson defense is embodied is explained in discussion in *Richmond* by quoting Sir William Blackstone who explained why arson is considered such a serious crime:

"ARSON, *ab ardendo,* is the malicious and wilful burning of the house or outhouses of another man. This is an offence of very great

malignity, and much more pernicious to the public than simple theft: because, first, it is an offence against that right, of habitation, which is acquired by the law of nature as well as by the laws of society; next, because of the terror and confusion that necessarily attends it; and, lastly, because in simple theft the thing stolen only changes it's [sic] master, but still remains *in esse* for the benefit of the public, whereas by burning the very substance is absolutely destroyed." 4 W. Blackstone, Commentaries § 200.

*Id.* 604 A.2d at 486–87.

sequent admission were both admissible and highly inculpatory. *Anderson*, 434 A.2d at 8. Whether or not objection was made, the statements against penal interest were appropriately introduced at trial. *Wenger*, 47 Wyo. at 407–08, 38 P.2d at 341. Furthermore, as Leach recognized, circumstantial evidence is appropriate to prove the crime had occurred. *Smizer v. State*, 752 P.2d 406 (Wyo.1988); *McCarty v. State*, 616 P.2d 782, 785 (Wyo.1980). Sufficient evidence was provided to prove an arson offense occurred and that Leach was responsible for its commission to require this court to affirm the fact finding function undertaken adversely to Leach by the jury.

## RESTITUTION

Leach contends that the restitution order could not be sustained since the record lacked a demonstration of statutory compliance with Wyo.Stat. § 7–9–103(a) (Supp. 1992):

> The court shall require restitution by a defendant if it determines [or] finds that the defendant has or will have an ability to pay or that a reasonable probability exists that the defendant will have an ability to pay. If restitution is ordered, or at the time the defendant is placed on probation, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall include its determination of the pecuniary damage as a special finding in the judgment of conviction or in the order placing the defendant on probation under W.S. 7–13–301.

The State concedes the validity of the argument made. *Shongutsie v. State*, 827 P.2d 361 (Wyo.1992).

For this appeal, Leach has presented no contention that the amount of loss was inadequately proven at trial. Consequently, preclusion of award because of inadequate proof of value as an amount to be ordered by restitution is not presented to be an appellate issue. *Id.* Consequently, we remand for the trial court to consider and determine ability to pay, present or future, within the statutory requirement. Wyo.Stat. § 7–9–103(a).

## INEFFECTIVENESS OF COUNSEL

Leach had filed a motion prior to oral argument "for remand to district court for evidentiary hearing." The object of the motion was to secure a hearing regarding contended ineffectiveness of counsel. The motion was unsupported by affidavit and lacked detail in text as to what conduct of prior counsel was deemed "ineffective." In response to the motion, this court entered an order which stated:

> The above captioned case coming before the court upon the Motion for Remand to District Court for Evidentiary Hearing filed herein by the appellant, Farron Dean Leach, by and through his attorney of record, and the court finding insufficient grounds to grant the motion; it is therefore
>
> ORDERED that the Motion for Remand to District Court for Evidentiary Hearing shall be, and it is hereby, denied with leave granted for the appellant to refile a motion setting forth sufficient factual information to enable the court to rule upon the motion.

█ This court concludes under the present structure of Wyoming law that partial remand for a criminal appellant to obtain an ineffectiveness of counsel hearing will only be granted (a) when the contention of ineffectiveness specifies acts or conduct which could properly be considered to allege ineffectiveness within the text of the motion, and (b) factual information is provided by citation to the record, affidavit or otherwise sufficient documentation for this court to perceive something more definite than conjecture as an unsupported assertion. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

█ Certainly the text of Leach's motion for remand to the district court for the evidentiary hearing did not suffice in either providing specificity of conduct or supporting factual basis in stating:

2. It is Appellant's contention that his counsel at trial was ineffective, and he desires that the issue of ineffectiveness of counsel be raised on this appeal.

3. That there is no record of objection to ineffective assistance at the trial court level, nor does the present record contain facts necessary to develop appellant's claim.

Following this court's denial of the motion to remand, Leach has taken no further action to refile, setting forth the required sufficient factual information. Lacking that supporting pleading and bolstered by answers of waiver given during oral argument, it is determined that the issue is foreclosed for present appellate review by

lack of record support and Leach's abandonment.[3]

### CONCLUSION

We affirm the conviction and sentence except to remand the restitution provision for trial court compliance with the ability to pay determination requirements of Wyo. Stat. § 7–9–103(a).

Affirmed except to the extent of the remand for further compliance herewith.

---

**3.** A review of the record itself reveals persuasive evidence of the occurrence of a crime, Leach's guilt and a well-prepared and well-presented jury trial by expert prosecution and a completely competent defense.