Michael **HELMLINGER**, Appellant (Defendant),

v.

The **STATE** of Wyoming, Appellee (Plaintiff).

No. 92–166.

Supreme Court of Wyoming.

June 30, 1993.

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, Dave M. Gosar, Asst. Public Defender, and Sheldon Skelcher, Student Intern, Gerald M. Gallivan, Defender Aid Program, David T. Bonfiglio, Student Intern, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara Boyer, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, Edna Young, Student Intern, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

THOMAS, Justice.

The significant issue in this case is whether the sentencing court was without authority to enter an order revoking probation that required the payment of restitution in the amount of $10 a month as a condition of parole. Michael Dean Helmlinger (Helmlinger) asserts as error the inclusion in an Amended Order of Revocation of Probation of a requirement for the payment of $10 a month toward restitution as a condition of future parole. Helmlinger also contends that the trial court erred in failing to make an appropriate finding of his ability to pay restitution. We conclude that the Amended Order of Revocation of Probation does not encompass any unlawful requirement for the payment of restitution and, in light of recent authority, we hold there is no requirement for a finding of the ability to pay, although this record does demonstrate an adequate finding of Helmlinger's ability to pay restitution. The Amended Order of Revocation of Probation is affirmed.

In his Brief of Appellant, Helmlinger sets forth the following issues:

I. Whether the trial judge failed to make a determination of defendant's ability to pay prior to ordering restitution?

II. Whether the trial judge can impose conditions upon the parole board, limiting the granting, conditions and length of a parole?

In its Brief of Appellee, the State of Wyoming offers this statement of the issues:

I. Did the district court fail to make a finding as to appellant's ability to pay restitution?

II. Did the district court abuse its discretion when, in revoking appellant's probation and sentencing him to a term in the penitentiary, it ordered that appellant pay restitution of $10.00 per month upon his release from prison as a condition of any parole which may be granted?

Helmlinger was arrested on August 9, 1991, for forging his employer's signature on three checks. He pleaded guilty to two counts of forgery, charged in violation of WYO.STAT. § 6-3-602(a)(ii) (1988). Acting upon his plea of guilty, the district court sentenced Helmlinger to a term of not less than three, nor more than five, years in the Wyoming State Penitentiary, but it suspended the execution of the sentence to imprisonment and placed him on supervised probation for a term of five years. The conditions of Helmlinger's probation included among others, that he complete one year at the Community Alternatives of Sweetwater County and pay restitution in the amount of $2,682.27, which was to be paid during his five-year term of probation.

On May 14, 1992, the State filed a petition for revocation of Helmlinger's probation. At the probation revocation hearing, Helmlinger admitted he had violated the conditions of his probation. The district court thereupon entered an order revoking Helmlinger's probation followed by an

Amended Order of Revocation of Probation entered on July 14, 1992. The amended order provides, among other conditions, "that Defendant will make the required payment of $10.00 while in prison, or upon his release as a condition of any parole which may be granted." Helmlinger has appealed from the Amended Order of Revocation of Probation.

We resolve first Helmlinger's challenge to that portion of the Amended Order of Revocation of Probation providing that he should pay restitution of $10 a month as a condition of any parole. Helmlinger refers, in his brief, to language in the Order of Revocation of Probation conditioning his release from parole on full payment of restitution. The Amended Order of Revocation of Probation does not incorporate this accused language, however, and our review must be limited to the question of whether the district court had authority to require restitution payments as a condition of parole.

Helmlinger relies upon *Keller v. State*, 771 P.2d 379 (Wyo.1989), and *Sorenson v. State*, 604 P.2d 1031 (Wyo.1979), in contending the trial court exceeded its authority. Helmlinger's contention is that a sentencing court has no power to impose any post-incarceration conditions since the legislature has delegated that authority to the Board of Parole. In *Sorenson* and *Keller*, the rationale underlining the decisions is that the legislature defines the authority of a court to impose sentence and, therefore, the court cannot impose post-incarceration conditions without specific legislative authorization. *Sorenson; Keller.* The holding in both of those cases is that the court imposing the sentence was without authority to impose the post-incarceration conditions that had been ordered.

■ This instance is different, however, because here the trial court not only had the authority to order the defendant to pay restitution, but WYO.STAT. §§ 7–9–102 and –103 (Supp.1992) require such an order unless the court finds that there is no ability to pay. *Murray v. State*, 855 P.2d 350 (Wyo.1993). In addition to this require-

ment, WYO.STAT. § 7–13–421(b) (1987) provides:

> The board shall provide for restitution in the amount determined by the court pursuant to W.S. 7–9–103 unless the board finds the parolee is not reasonably capable of making the payments, in which case the board may modify the amount of restitution to be paid, taking into account the factors enumerated in W.S. 7–9–106.

This statute specifically contemplates that the sentencing court will make an order for restitution, and the Board of Parole will enforce that order unless the Board determines the parolee is not reasonably capable of making the payments. We conclude the rules articulated in *Sorenson* and *Keller* do not control the disposition of this case. The correct reading of §§ 7–9–102 and –103 and § 7–13–421(b), collectively, is that these statutes specifically authorize the sentencing court to impose restitution and make payment of the restitution so ordered a condition of parole unless the Board of Parole intervenes. The record in this case does not disclose any adjustment or contrary finding by the Board of Parole, and the challenged condition is lawful.

■ With respect to Helmlinger's contention the trial court erred in failing to determine his ability to pay prior to ordering restitution payments, as required by § 7–9–103(a), that contention is resolved by a more recent authority than *Shongutsie v. State*, 827 P.2d 361 (Wyo.1992) and *Leach v. State*, 836 P.2d 336 (Wyo.1992). In *Murray*, 855 P.2d 350, we held that § 7–9–102 is controlling with respect to a finding of ability to pay, and a silent record justifies the imposition of restitution. Only a specific finding by the court of inability to pay can avoid the imposition of restitution as a part of a sentence. We have receded from the suggestion that § 7–9–103(a) demands a specific finding· of fact regarding the present or prospective ability of the defendant to pay restitution, and have concluded the thrust of § 7–9–103(a), read *in pari materia*, is that the record must contain information justifying the imposition of the amount of restitution ordered by the court.

In any event, this case would be affirmed under the earlier rules. We discern in the record information and a finding of fact that would have satisfied the prior rule with respect to Helmlinger's ability to pay restitution at the rate of $10 per month. The record discloses the following comment by Helmlinger's attorney:

DEFENSE COUNSEL: [A]s this Court is well aware, at the penitentiary, people don't earn a whole lot of money.

If he can't get a job, $90 a month is considered very good pay, and most people start at about $30 a month. That little bit of money from the penitentiary normally goes towards things like toiletries and minor necessities the penitentiary's not able to provide, and there's a fair amount of restitution due and owing.

Having received and considered this information, the court said:

COURT: Court finds that he will have the ability, even in the penitentiary, to pay a portion of [the restitution] each month. Based on the Court's understanding that a person can make around $30 per month, the Court would order that he pay $10 of that per month toward his restitution.

It is clear that the order of the district court for restitution payments of $10 per month was reasonable in view of the amount of money Helmlinger could earn while incarcerated. Certainly, the trial court reasonably could conclude Helmlinger would have the ability to pay that amount, or a reasonable probability existed he would have the ability to pay that amount. In addition, the court reasonably could conclude, based on the amount of payments Helmlinger was able to make prior to his incarceration, that he would have the ability to make payments in the amount of $10 per month after being paroled. Prior to revocation of his probation, Helmlinger had paid over $300 toward the restitution ordered. This is an adequate demonstration of ability to earn income and make payments to satisfy the obligation for restitution and also supports the district court's finding of ability to pay.

To summarize, the Amended Order of Revocation of Probation does not contain any unlawful requirement for restitution. Statutory authority is present for the court to order the payment of $10 per month as a condition of parole. The law, as we have now interpreted it, does not require a specific finding of either Helmlinger's ability to pay or a reasonable probability that he will have the ability to pay in order for the court to order restitution. In any event, the record satisfies the demands of § 7–9–103(a) with respect to a determination of the appropriate amount of restitution.

The Amended Order of Revocation of Probation is affirmed.