Michael HERDT, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–209.

Supreme Court of Wyoming.

March 14, 1995.

Leonard D. Munker, State Public Defender, Gerald M. Gallivan, Director, Defender Aid Program, Peter S. Christiansen, Student Intern, and Michael Herdt, pro se, representing appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., and Mary Beth Wolff, Sr. Asst. Atty. Gen., representing appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Michael Herdt appeals a jury conviction for first degree sexual assault. Through counsel, he presents a single issue concerning whether he was denied the constitutional right to effective assistance of counsel in the context of whether statements made during trial constituted a waiver of his right to testify on his own behalf. Herdt additionally filed a pro se brief in which he raises a

number of additional issues concerning whether or not he received a fair trial.

We affirm.

## ISSUES

In the brief prepared by counsel, Herdt raises the following issue:

I. Whether the appellant's statements made during trial and at sentencing were sufficient to operate as a waiver of the fundamental right for a criminal defendant to testify on his own behalf, or at minimum to prompt further inquiry by the trial court.

Herdt, writing pro se, raises additional issues, paraphrased:

I. Whether the trial court abused its discretion in limiting the defense on voir dire and in doing so violated appellant's constitutional rights.

II. Whether the appellant was denied the effective assistance of counsel under the Sixth Amendment.

III. Whether prosecutorial misconduct occurred, violating appellant's right to due process under the Fifth and Sixth Amendments to the United States Constitution and Article 1 § 6 of the Wyoming Constitution.

IV. Whether the trial court erred in allowing into evidence the testimony concerning prior allegations against appellant and the circumstances surrounding those allegations.

V. Whether the trial court abused its discretion at sentencing by:

a. Allowing the State's expert witness who evaluated appellant pursuant to W.S. 7-11-303 to testify regarding his evaluation of appellant.

b. Using the appellant's court ordered presentence investigation, which included statements from appellant.

c. Considering as evidence testimony regarding allegations of a crime of which appellant had been acquitted.

The State rephrases the issues:

I. Whether appellant voluntarily waived his right to testify.

II. Whether appellant received a fair trial.

## FACTS

Appellant Michael Herdt chose as his victim a 21-year-old woman of borderline intelligence. Herdt knew the victim because she had previously dated his brother.

Herdt awoke the victim with a telephone call in the early hours of July 8, 1992. During that phone call, the victim declined Herdt's invitation to come to his house. Subsequently Herdt paid an uninvited and unannounced visit to the victim's home where he repeatedly assaulted her, both physically and sexually. Herdt made the victim shower and told her if he went to prison again, he would be reading about the victim's murder. The victim was afraid she was going to die.

The victim reported the sexual assault on the afternoon of the day it occurred. The sexual assault examination revealed a rectal tear, vaginal bacterial infection, and bruises on her arms, legs and throat. Charges were brought against Herdt, and a warrant issued. Herdt was arrested two months later in the state of Washington. On his return, a trial was held wherein Herdt did not testify. A jury convicted Herdt of first degree sexual assault, and this appeal followed.

## DISCUSSION

Appellate counsel made an effort to narrow the issue in this appeal to one aspect of ineffectiveness of trial counsel. That effort was made to preserve, if possible, collateral attack of the broader issues involving ineffectiveness of counsel through post-conviction relief or habeas corpus proceedings. Appellate counsel's efforts were thwarted by Herdt. Herdt motioned this court to file a pro se brief. We granted his motion. Herdt thereafter filed a pro se brief raising issues in addition to appellate counsel's brief. The State responded to both briefs. We decline to ignore Herdt's pro se brief. If this has not been clear before, we now wish to make it absolutely clear: If an appellant submits a motion to this court to file a pro se brief in addition to appellate counsel's brief and this court grants the motion, appellate counsel's

brief *and* appellant's pro se brief *both* will be considered by this court in reviewing an appeal. Accordingly, we will consider all aspects of ineffective assistance of counsel raised in both briefs.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

In this appeal, Herdt first argues that he was denied effective assistance of counsel because his trial counsel was not prepared to have him testify. Thus, he argues, he did not, and was not able to, testify at trial, which amounted to an involuntary waiver of his right to testify. Herdt further argues that he did not waive his right to testify and that an evidentiary hearing should have been held to supplement the record in order to substantiate his allegation that his failure to testify at trial was a result of trial counsel's unpreparedness for his testimony.

### A. Standard of Review

The right of a criminal defendant to assistance of counsel is guaranteed by the Sixth Amendment of the Constitution of the United States, made applicable to the states through the Fourteenth Amendment and Wyoming Constitution Art. 1, § 10. Our standard for reviewing claims of ineffective assistance of counsel is well established and is comprehensively described by the following passage:

> The standard with respect to effective assistance of counsel requires the criminal defense to satisfy two criteria:
>
> > First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984).

\* \* \* \* \* \*

We examine the conduct of defense counsel in light of all the circumstances in determining whether the identified acts or omissions fall outside the ambit of professionally competent assistance, bearing in mind the function of counsel is to make the adversarial testing process work in every case. *Strickland; Gist [v. State,* 737 P.2d 336, 343 (Wyo.1987) ]. We do not evaluate the efforts of counsel from a perspective of hindsight but, rather, we endeavor to reconstruct the circumstances surrounding counsel's challenged conduct and evaluate the professional efforts from the perspective of counsel at the time. *Strickland.* "We invoke a strong presumption that counsel rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment." *Gist,* 737 P.2d at 342 (citations omitted). The burden is upon the defendant to overcome this presumption that, in light of the circumstances, the challenged action or failure of the attorney might be considered sound trial strategy. *Strickland.*

*Arner v. State,* 872 P.2d 100, 104 (Wyo.1994) (*quoting Dickeson v. State,* 843 P.2d 606, 609 (Wyo.1992)); *see also Starr v. State,* 888 P.2d 1262, 1265–67 (Wyo., 1995). We adopted the *Strickland* standard in *Frias v. State,* 722 P.2d 135, 145 (Wyo.1986).

### B. Discussion

■ Our review begins with the first prong of the *Strickland* test. Herdt has the burden of demonstrating that his attorney's performance was deficient. Appellate counsel's claim rests upon the allegation that trial counsel was not prepared for Herdt's testimony, resulting in an involuntary waiver of his right to testify. Appellate counsel, therefore, alleges that Herdt's waiver of his right to testify was constitutionally insufficient. The following took place on the record at trial regarding Herdt's right to testify on his own behalf:

[COUNSEL]: Okay. Present is myself, * * * the defendant, Michael Herdt * * *.

Okay. Sorry about that. We had been in—I guess, what was it, 15 minutes—conference with the defendant in the holding cell, concerning his, whether he shall testify or not.

Do you think we talked enough about it?

[HERDT]: I—my opinion is that if I testify right now, that I, it would be—we'd wouldn't have, wouldn't have sufficient evidence to back up, up my version.

[COUNSEL]: Okay.

[HERDT]: Of the events of the day. And I really don't think that I would be prepared to testify today. I really don't.

[COUNSEL]: Okay. Has anybody forced you not to testify?

[HERDT]: Forced not to?

[COUNSEL]: Uh-huh.

[HERDT]: No, nobody forced me not to testify.

[COUNSEL]: The decision has been your own?

[HERDT]: Yeah, it sure has. You know, after consulting with my attorneys, I feel that it's better for me to just sit down and be quiet right now.

[COUNSEL]: For the risk factor of other—

[HERDT]: Risk factors of other things, other things that's considered.

＊　　＊　　＊　　＊　　＊　　＊

THE COURT: All right.

Mr. Herdt, the court's been informed by your counsel that when the jury is brought back in, you will be resting your case and not be calling any other witnesses.

You will recall at the end of the state's case, I informed you that you had the right to testify. You still have that right. If the case is rested, your right to testify could be past, the time would be past.

The only opportunity that might exist would be if there were something in some rebuttal that the state might present that you could present evidence on. But it would be very limited, only to the specific things raised in the rebuttal.

I assume that you remember that I said the right to testify is your decision alone. You can get advice from your attorneys, but you have to make the final decision yourself.

If you decide not to testify, no one would assume you were guilty simply because you chose to remain silent, nor would anyone comment on your silence.

On the other hand, if you do testify, you would have to testify in open court, under oath, and you'd be cross-examined by the deputy county attorney.

Now knowing that right at this time, is it your decision to not testify?

[HERDT]: That's correct.

THE COURT: And are you making that decision, voluntarily?

[HERDT]: Considering the factors involved, I don't think it would be, we'd be prepared for my testimony if I did testify.

THE COURT: But you're voluntarily making that decision?

[HERDT]: Yes, sir.

THE COURT: And you consulted with your attorneys before you made that decision?

[HERDT]: Yes, sir.

█ Criminal defendants have a right to testify on their own behalf, and that right is grounded in the Due Process Clause of the Fourteenth Amendment, the Compulsory Process Clause of the Sixth Amendment, as well as the Fifth Amendment's privilege against self-incrimination. *Sanchez v. State,* 841 P.2d 85, 87 (Wyo.1992) (*citing Rock v. Arkansas,* 483 U.S. 44, 50–51, 107 S.Ct. 2704, 2708–09, 97 L.Ed.2d 37 (1987)). We have also acknowledged that a defendant's right to testify on his own behalf is a fundamental right. *Sanchez,* at 88 (*citing LaVigne v. State,* 812 P.2d 217, 219 (Alaska 1991)).

█ To insure that a criminal defendant's failure to take the stand in his or her own defense was the result of a knowing and voluntary decision made by the defendant, judges should make an on-the-record inquiry after the close of defendant's case, out of the jury's hearing, into whether a nontestifying defendant understands and voluntarily

waives his right to testify. *Sanchez*, at 89. This insures that the defendant's decision not to testify is a valid waiver. *Id.* In this case, the record is clear that Herdt made a valid, voluntary waiver of his right to testify. The trial court explained this right to Herdt, inquired into whether Herdt understood this right and the consequences thereof, and whether Herdt was making his own decision after consulting with his attorneys. Herdt's waiver was valid and constitutionally sufficient. This case is unlike *Sanchez*, where Sanchez's attorney restricted him from testifying on his own behalf. In this case, Herdt's trial counsel did not restrict Herdt from testifying, but rather left the decision up to him. Thus, in contrast to *Sanchez*, Herdt has not met his initial burden of establishing that he was not permitted to testify and has not established what that testimony would have been.

■ Accordingly, we conclude that Herdt has failed his burden under the first prong of the *Strickland* test, that being that his trial counsel's performance was deficient. The record does not support the contention that trial counsel's performance was deficient, and Herdt has also failed to meet his burden in establishing that an evidentiary hearing should have been, or should be, held to supplement the record in order to substantiate his claim.

In *Leach v. State*, 836 P.2d 336, 340 (Wyo. 1992), we stated:

> This court concludes under the present structure of Wyoming law that partial remand for a criminal appellant to obtain an ineffectiveness of counsel hearing will only be granted (a) when the contention of ineffectiveness specifies acts or conduct which could properly be considered to allege ineffectiveness within the text of the motion, and (b) factual information is provided by citation to the record, affidavit or otherwise sufficient documentation for this court to perceive something more definite than conjecture as an unsupported assertion. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Herdt makes a bald-face allegation that his counsel was unprepared for his testimony and that is why he did not testify. The record does not support this allegation, nor does his motion for remand for an evidentiary hearing and accompanying affidavit. No factual information was provided in Herdt's motion to substantiate his claim of ineffectiveness. *Leach*, at 340. Herdt does not state with specificity how his trial counsel was unprepared and how he was ineffective. "Certainly the text of [appellant's] motion for remand to the district court for the evidentiary hearing [and the accompanying affidavit] did not suffice in either providing specificity of conduct or supporting factual basis[.]" *Id.* We find it just as easy to believe that trial counsel was unprepared for Herdt's testimony because no corroborating testimony or evidence existed to back up the testimony.

Because Herdt has failed to provide specific, factual information to substantiate his claim of ineffectiveness and because the record does not support his claim, we find the conduct of trial counsel fell within the ambit of professionally competent assistance, rendering adequate and reasonable assistance and making all decisions within the bounds of reasonable professional judgment. *Arner*, 872 P.2d at 104 (*citing Gist v. State*, 737 P.2d 336, 342–43 (Wyo.1987)); *Starr*, 888 P.2d at 1266. Therefore, having determined that the actions of trial counsel regarding Herdt's right to testify on his own behalf did not fall outside the realm of competent assistance, we need not address whether any prejudice resulted from such allegation of ineffectiveness.

■ Herdt further alleges additional claims of ineffective assistance of counsel in his pro se brief. First, he contends that trial counsel was ineffective for failing to make a motion to suppress his statement made during collection of samples for the sexual assault evidence kit. At trial, the State called the Campbell County sheriff sergeant who took Herdt to the hospital so that samples could be collected for the sexual assault kit. The sergeant was present while the nurse collected the samples. Testimony was given by the sergeant that, during the collection of pubic hairs and penile swabs, Herdt voluntarily stated that the samples were not necessary because it had been "a couple of months after the fact." Trial counsel object-

ed to the State's admission of the statement at trial and vigorously argued its foundation for the objections at a side bar.

█ Herdt asserts that his statement amounted to an admission which should have been suppressed because he was not *Mirandized*. Therefore, he argues, the failure of his trial counsel to suppress the statement amounted to ineffective assistance of counsel. Failure of counsel to file a suppression motion does not constitute ineffective assistance of counsel per se. *Starr*, 888 P.2d at 1266; *Dickeson*, 843 P.2d at 610 (*citing Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)). Instead, the reasonableness of counsel's failure must be evaluated from the perspective of counsel at the time of the alleged error and in light of all the circumstances. *Dickeson*, at 610.

Herdt has not satisfied his burden of establishing that trial counsel was deficient in not filing a suppression motion and that such failure prejudiced him. Appellant must show the existence of a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. *Starr*, 888 P.2d at 1266. We fail to find any prejudicial error in the failure of trial counsel to file a suppression motion before trial. The record discloses that Herdt's statement was not in response to questions or remarks initiated by the sergeant. The statement was spontaneously and voluntarily given. Thus, no constitutional right, *i.e.*, *Miranda* right, was violated when the statement was made. Accordingly, trial counsel would have had no foundation upon which to base a motion to suppress. "Counsel must be aware of some basis in law and fact upon which relief can be granted." *Starr*, 888 P.2d at 1267. Had counsel filed a pretrial motion to suppress the statement, the district court would properly have denied the motion under the facts of this case, which is evident by the fact that the district court overruled counsel's objection to admission of the statement into evidence at trial. *See Starr*, 888 P.2d at 1266–67. "Prejudice cannot result to an accused when [his] counsel fails to seek relief which is not available to [him]." *Id.*, at 1267.

█ Furthermore, the statement itself is not prejudicial. The statement was not to the effect that Herdt admitted committing the sexual assault or that he had any knowledge about it. At most, Herdt's statement discloses only his belief that the samples would be useless because the alleged sexual assault had taken place a couple months earlier. Because the statement itself was not prejudicial on its face, we cannot say that counsel was unreasonable and deficient in not filing a motion to suppress before trial. Additionally, Herdt was adequately represented when counsel objected to the State offering the statement as evidence at trial. We also find it significant that no claim of error is made concerning the statement's admission into evidence. The statement was properly admitted, and there is no error about which to complain. We conclude that Herdt has failed to satisfy the two-prong *Strickland* test and has failed to overcome the presumption that trial counsel "rendered adequate and reasonable assistance making all decisions within the bounds of reasonable professional judgment." *Starr*, 888 P.2d at 1266 (*quoting Gist*, 737 P.2d at 342).

Other allegations of ineffective assistance of counsel consist of: 1) counsel's failure to present a viable defense because counsel elicited incriminating evidence; 2) counsel's failure to investigate issues regarding the State's assertion that Herdt fled the state to avoid prosecution; 3) counsel elicited testimony on the "ultimate issue" at trial; and 4) counsel allowed irrelevant and prejudicial information to be considered by the trial court for sentencing.

We find no merit to these claims of ineffective assistance of counsel. The record does not support these contentions of error, and Herdt fails to demonstrate he was deprived of a fair trial due to counsel's conduct. We agree with the State that "[a]ppellant merely lists the acts and omissions, labels them as error and does not make the requisite showing of prejudice" to his defense. *Lobatos v. State*, 875 P.2d 716, 725 (Wyo.1994). The record discloses that trial counsel zealously represented Herdt and tenaciously tested the State's evidence. We do not find the strategy of counsel unsound.

## II. RIGHT TO A FAIR TRIAL

In addition to claiming that he was denied a fair trial because of ineffective assistance of counsel, Herdt also claims in his pro se brief that he was denied a fair trial because: 1) the trial court abused its discretion during voir dire; 2) the trial court abused its discretion during sentencing; 3) the trial court abused its discretion by admitting certain testimony into evidence; and 4) the State committed prosecutorial misconduct regarding its theory that Herdt fled the state to avoid prosecution.

■ First, it is alleged that the trial court abused its discretion by limiting the questioning of jurors on their exposure to the case in the media and by allowing two individuals to be seated as jurors who indicated that they had seen news reports regarding the case. It is well established that the purpose of voir dire is to assess each juror's individual bias and overall ability to decide a case fairly. *Jahnke v. State,* 682 P.2d 991, 999 (Wyo.1984); *Hopkinson v. State,* 632 P.2d 79, 111 (Wyo.1981), *cert. denied* 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982); *Lopez v. State,* 544 P.2d 855, 860 (Wyo.1976); *Gresham v. State,* 708 P.2d 49, 56 (Wyo.1985). It is also settled law that voir dire is conducted under the supervision and control of the trial judge who is vested with broad discretion concerning the questioning of potential jurors and whose judgment is given deference as to the permissible bounds. W.R.Cr.P. 24(c); *Jahnke,* 682 P.2d at 999; *Hopkinson,* 632 P.2d at 111. "The only inhibition regarding the discretion of the trial court is that it must be exercised subject to the essential demands of fairness." *Jahnke,* at 999.

■ The party contesting rulings with respect to the scope and content of voir dire examination of jurors is obligated to establish not only an abuse of discretion, but he must also demonstrate substantial prejudice to his rights as a result of that abuse. *Jahnke,* at 1000. No abuse of discretion has been demonstrated here. Thus we do not reach the issue of prejudicial error.

We conclude that the trial court did not abuse its discretion during voir dire. Both sides were given an opportunity to question the jurors regarding their opinions and biases. There is no evidence in the record that any one juror who served on the jury would have been unable to render a verdict in absolute conformity with all standards relevant to a fair trial. *Amin v. State,* 811 P.2d 255, 259 (Wyo.1991). The record discloses that the voir dire process was sufficient to seat a fair and impartial jury. We find no error here.

■ It is next argued that the trial court abused its discretion during sentencing. We have stated that:

> A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *Scheikofsky v. State,* 636 P.2d 1107, 1113 (Wyo.1981); *Hicklin v. State,* 535 P.2d 743, 751, 79 A.L.R.3d 1050 (1975).

*Coletti v. State,* 769 P.2d 361, 363 (Wyo.1989).

We find no error in sentencing. Herdt has failed to demonstrate an abuse of discretion, procedural conduct prejudicial to him, or circumstances that manifest inherent unfairness and injustice, or any conduct which offends the public sense of fair play. The record shows Herdt was given the opportunity to rebut all of the evidence and testimony, and counsel in fact cross-examined the witnesses whom the State called at sentencing. Herdt was given the opportunity to make a statement to the court for the purpose of mitigating his sentence, which in fact he did.

■ We acknowledge the rule that a presumption exists that the court will not be misled or confused by what is irrelevant and is able to eliminate that which is immaterial from that which may be properly considered. *Coletti,* at 363. Herdt has failed to show that the trial court rested its sentence upon false or improper grounds. The trial court heard the evidence presented during trial, and the jury convicted him of first degree sexual assault. It was within the trial court's discretion to sentence a defendant to a term of years within the statutory limits. The trial

court did just that, and Herdt has failed in his burden of establishing that the sentence was tainted by improper basis or prejudicial error. As we stated in *Coletti v. State:*

> [T]he sentence finally imposed is within the set statutory limits and, in our view, wholly consistent with the seriousness of the crimes of which [defendant] was found guilty.

*Coletti,* at 363. This holds true in this case.

Herdt further argues that the trial court abused its discretion by allowing evidence to be presented of prior allegations of sexual assault. Herdt claims it was error for the court to allow the victim to testify regarding Herdt having told her that "he had been to prison before." Error is also claimed in the court's allowance of the recording of the victim's 911 call reporting the sexual assault to the sheriff's office to be played to the jury, wherein the victim stated that she was Herdt's fourth victim.

It is well settled that evidentiary rulings are within the sound discretion of the trial court and will not be upset absent a clear abuse of discretion. *Armstrong v. State,* 826 P.2d 1106, 1111 (Wyo.1992). "An abuse of discretion has been said to mean an error of law committed by the court under the circumstances." *Martinez v. State,* 611 P.2d 831, 838 (Wyo.1980). "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances." *Id.* Appellant has the burden to demonstrate that an abuse of discretion occurred. *Armstrong,* 826 P.2d at 1111 (*citing Jahnke,* 682 P.2d at 1005).

■ Herdt has failed to satisfy his burden of demonstrating that the trial court abused its discretion in admitting the evidence at trial. With respect to the victim's testimony regarding the statement that he had been to prison before, this testimony was properly admitted. Herdt made the statement in the course of committing the sexual assault. It was proper to allow the statement into evidence to establish demeanor and conduct during the sexual assault and to show that he acted in a threatening manner. The trial court did not exceed the bounds of

reason under the circumstances in allowing the testimony.

■ No prejudice has been established concerning the admission of the 911 tape. The recording of the 911 call was properly used to corroborate the victim's testimony, especially since the victim's credibility had been questioned because of her low IQ. The recording demonstrated to the jury that the victim was in a stressful and excited state when she made the call to the sheriff's office and that, in the course of reporting the sexual assault, she spontaneously and excitedly stated that she was the fourth victim. The recording of the call was not played to the jury to prove that the victim was the fourth victim. Under the circumstances, we do not find that the trial court abused its discretion in playing the recording to the jury. We find no prejudicial error.

■ Finally, we find no merit in the allegation that the State committed prosecutorial misconduct by submitting evidence regarding flight after the sexual assault. The facts are undisputed: Immediately after Herdt committed the sexual assault, in fact the very same day, Herdt left the state of Wyoming. Two months later, he was arrested in the state of Washington based on the arrest warrant filed in Campbell County.

The State advanced the theory that Herdt fled the state to avoid prosecution, and the jury was instructed that flight may be considered as evidence of guilt together with all the other evidence. This was a proper theory, and the facts supported it. Herdt contends that because the Campbell County sheriff's office knew that he might have gone to Washington, and might even have known the exact address in Washington, this shows he did not flee the state.

Such contention is misplaced. It is irrelevant what the law enforcement authorities knew or did not know; the only thing relevant was whether Herdt in fact fled the state after committing the sexual assault. The record clearly shows that he left the state immediately after committing the sexual as-

sault. Therefore, after examining the entire record, we find no prosecutorial misconduct and conclude that Herdt has failed to establish that he was substantially prejudiced by the prosecutor's conduct in this respect. *Tennant v. State,* 786 P.2d 339, 346 (Wyo. 1990); *Lindsey v. State,* 725 P.2d 649, 656 (Wyo.1986); *Capshaw v. State,* 714 P.2d 349, 352 (Wyo.1986).

## CONCLUSION

Finding no reversible error in the proceedings below, the judgment and sentence is affirmed.