**Michael Lee HORNECKER,**
**Appellant (Defendant),**

v.

**The STATE of WYOMING,**
**Appellee (Plaintiff).**

**No. 98–105.**

Supreme Court of Wyoming.

May 24, 1999.

Maureen T. Donohoue of Donohoue Law Office, Lander, Wyoming, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Mi-

chael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Joseph S. Huey, Student Intern., for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

TAYLOR, Justice, Retired.

After pleading guilty to one count of taking indecent liberties with a minor, appellant was sentenced to six to ten years in the Wyoming State Penitentiary. Appellant now contends that ineffective assistance of counsel renders his plea of guilt involuntary. He also contends the district court improperly used a Psychosexual Offender Evaluation in reaching the sentencing decision. Finding no evidence to support his claim of ineffective assistance of counsel, and no plain error in the district court's consideration of the psychosexual evaluation, we affirm.

## I. ISSUES

Appellant, Michael Lee Hornecker (Hornecker), presents two issues for review:

1. Appellant was prejudiced by ineffective assistance of counsel at several critical stages of the proceedings rendering his guilty plea not knowing, intelligent or voluntary.

2. The trial court exceeded its authority when it ordered and considered a "Sex Offender Evaluation" in imposing sentence upon the appellant.

As appellee, the State of Wyoming's statement of the issues is substantially similar:

I. Did appellant receive ineffective assistance of counsel in the district court, so that his plea of guilty was not knowing, intelligent or voluntary?

II. Did the district court err when it ordered that appellant submit to a sexual offender evaluation prior to sentencing?

* Retired November 2, 1998.

1. Wyo. Stat. Ann. § 14–3–105 provides, in part:
   (a) Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit

## II. FACTS

Hornecker was questioned in March of 1997 after his former girlfriend's four-year-old sister revealed that he had touched her in a sexual manner. During the course of the interview, he admitted having had sexual contact with the victim on no less than five occasions.

Hornecker's initial counsel negotiated a plea agreement before any charges were made, but counsel was fired before the deal was consummated. Hornecker's next attorney negotiated the same plea bargain as original counsel. In the plea agreement, Hornecker promised that he would plead either guilty or nolo contendere to one charge of indecent liberties instead of five. Hornecker signed the plea agreement in May of 1997.

In October of 1997, Hornecker was charged, pursuant to the plea agreement, with one count of indecent liberties with a minor in violation of Wyo. Stat. Ann. § 14–3–105 (Michie 1994).[1] The preliminary hearing was waived, and Hornecker appeared at his arraignment ready to plead nolo contendere. The district court judge, however, refused to accept a nolo plea. After conferring with counsel, Hornecker pled guilty, and provided a factual basis for the plea.

The district court judge ordered that a Psychosexual Offender Evaluation be completed in conjunction with the presentence investigation report (PSI). The evaluation was attached to the PSI, and submitted to the district court judge prior to the sentencing hearing. While the PSI recommended supervised probation and counseling, the district court judge sentenced Hornecker to a prison term of six to ten years. This constitutes the extent of the facts available in the record.

Hornecker has attempted to add information to the record by attaching an affidavit to his appellate brief. In the patently self-

with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both.

serving affidavit, he spells out the many ways in which his two prior attorneys were deficient.

## III. STANDARDS OF REVIEW

### A. VOLUNTARINESS OF GUILTY PLEA

■ In order to prevail on his claim of ineffective assistance of counsel, Hornecker must make the dual showings that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Smith v. State,* 959 P.2d 1193, 1198 (Wyo. 1998); *Martinez v. State,* 943 P.2d 1178, 1184 (Wyo.1997). We invoke a strong presumption that counsel rendered adequate and reasonable assistance, making all decisions within the bounds of reasonable professional judgment. *Mapp v. State,* 953 P.2d 140, 143 (Wyo.1998); *Jackson v. State,* 902 P.2d 1292, 1295 (Wyo.1995).

### B. CONSIDERATION OF PSYCHOSEXUAL OFFENDER EVALUATION

■ In imposing sentence, the district court is given broad discretion to consider a wide variety of factors about the defendant and his crimes. *Swingholm v. State,* 910 P.2d 1334, 1339 (Wyo.1996) (*quoting Mehring v. State,* 860 P.2d 1101, 1115 (Wyo.1993)). However, when no objection is made concerning the consideration of a particular factor, review is necessarily confined to a search for plain error. Plain error, as we have often stated, occurs when the record clearly shows an error that transgressed a clear and unequivocal rule of law which adversely affected a substantial right. *Craver v. State,* 942 P.2d 1110, 1115 (Wyo.1997).

## IV. DISCUSSION

### A. VOLUNTARINESS OF GUILTY PLEA

Hornecker points to three deficiencies in his trial counsel's representation to support the contention that his guilty plea was made involuntarily. First, he claims that the failure of his trial counsel to file a motion to suppress his confession constituted deficient performance. Second, he claims that his trial counsel failed to challenge the victim's identification, and failed to interview possible alibi witnesses. Finally, he claims that his trial counsel was deficient in failing to accurately explain the consequences of his plea.

At the outset, we must make clear what record it is we rely upon to make a determination regarding Hornecker's involuntary plea claim. In *Calene v. State,* 846 P.2d 679, 689–92 (Wyo.1993), we described in detail the procedures that are available in bringing an ineffective assistance of counsel claim where the deficiencies of counsel are not apparent on the face of the record. In that case, we relied upon *Leach v. State,* 836 P.2d 336, 340 (Wyo.1992), where we said:

This court concludes under the present structure of Wyoming law that partial remand for a criminal appellant to obtain an ineffectiveness of counsel hearing will only be granted (a) when the contention of ineffectiveness specifies acts or conduct which could properly be considered to allege ineffectiveness within the text of the motion, and (b) factual information is provided by citation to the record, affidavit or otherwise sufficient documentation for this court to perceive something more definite than conjecture as an unsupported assertion. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In *Calene,* we continued:

Following a hearing, the trial court will provide a specific decision addressing separate contentions by examination and resolution of the validity of any trial court ineffectiveness of counsel contentions. Appellate briefing can then include ineffectiveness of counsel hearing transcripts and decision conjunctively with any appeal discussion considering other issues presented as claimed error in the initial trial.

*Calene,* 846 P.2d at 692.

■ Rather than moving this court for remand, Hornecker has attempted to argue his ineffectiveness claim in his appellate brief. However, we are unable to consider Hornecker's affidavit in these appellate proceedings. Our discussion of similar appendices in *Bird v. State,* 901 P.2d 1123, 1131–32 (Wyo.1995) is dispositive:

We admonish counsel Bird's appendices are not part of the record on appeal, and it was inappropriate to include them in the brief. W.R.A.P. 3.01 entitled "Composition of the record" identifies those matters of record in the trial court appropriate for

inclusion in the record on appeal. We can only decide the issues before us on the record, and we do not consider documents such as those appended to the Brief of Appellant.

Accordingly, our consideration of Hornecker's claims will be limited to the appropriate record, which does not include Hornecker's affidavit.[2]

■ While ineffective assistance of counsel can render a guilty plea involuntary, *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), we find no record support for such a claim. The only contention which is supported by the record is the absence of a motion to suppress. However, if the failure to move to suppress is a trial tactic or strategy, it will not, in hindsight, be judged as unconstitutionally ineffective assistance of counsel. *Dennis v. State*, 963 P.2d 972, 977 (Wyo.1998). There is no further support for Hornecker's claim; the only other record evidence is Hornecker's own admission to the district court judge that he was entering his plea voluntarily, and that he was satisfied with his trial counsel's performance. Additionally, the plea agreement reveals that trial counsel successfully negotiated a plea agreement wherein four out of the five possible charges were dropped. There is simply no evidence in the record which contradicts Hornecker's statements to the district court, and when coupled with seemingly effective plea negotiations, Hornecker's claims of error must fail.

### B. CONSIDERATION OF PSYCHOSEXUAL OFFENDER EVALUATION

Hornecker contends that the district court was without authority to order and consider a Psychosexual Offender Evaluation under W.R.Cr.P. 32(a)(2). W.R.Cr.P. 32(a)(2) provides, in pertinent part:

(2) Report.—The report of the presentence investigation shall contain:

(A) Information about the history and characteristics of the defendant, including prior criminal record, if any, financial condition, and any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in the correctional treatment of the defendant;

\* \* \*

(D) Such other information as may be required by the court.

■ The plain language of the rule gives the district court judge discretion to include any information which may aid him in his task of imposing a fair sentence in light of all the available facts without limitation. Even so, Hornecker asks us to view the repeal of Wyo. Stat. Ann. §§ 7–13–601 through 7–13–605 as withdrawing judicial authority to order such mental evaluations. Wyo. Stat. Ann. §§ 7–13–601 through 7–13–605, repealed in 1987, provided for *compulsory* mental health evaluations for certain enumerated sex offenses prior to sentencing. Hornecker argues that under the current statutory scheme, mental evaluations can only be ordered pursuant to W.R.Cr.P. 12 (where the defendant pleads not guilty by reason or mental illness of deficiency) or Wyo. Stat. Ann. §§ 7–11–301 through 7–11–307 (Michie 1997) (where it appears that the defendant is unfit to proceed due to mental illness or deficiency). We decline to draw such an inference from the repeal. The only reasonable inference that can be drawn from the repeal of mandatory mental evaluation statutes, where the legislature has not specifically withdrawn the power of the court to order the evaluations, is that the legislature intended to make the decision to order an evaluation discretionary. Therefore, we hold that the repeal of Wyo. Stat. Ann. §§ 7–13–601 through 7–13–605 did not deprive the courts of their power to order mental health evaluations for sentencing purposes pursuant to W.R.Cr.P. 32(a)(2).

■ Here, the Psychosexual Offender Evaluation was relevant in establishing Hornecker's continued danger to the community, and informing the district court of his prospects for rehabilitation. Such information is certainly of assistance in "imposing sentence"

---

2. As the proper procedures outlined above are well known, we are unable to discern why they were not employed by appellate counsel in this case. Clearly, Hornecker is not precluded from asserting, in a petition for post-conviction relief under Wyo. Stat. Ann. §§ 7–14–101 through 7–14–108 (Michie 1997), that the failure of appellate counsel to follow established procedures renders such assistance ineffective.

and "in the correctional treatment of the defendant[.]" W.R.Cr.P. 32(a)(2)(A). Therefore, there was no error in ordering or considering the evaluation.

## V. CONCLUSION

Since Hornecker's claim that his guilty plea was involuntary due to ineffective assistance of counsel is not supported by the record, we affirm the district court's finding of voluntariness. Additionally, the claim that the Psychosexual Offender Evaluation could not be considered by the district court is to no avail based on the clear language of W.R.Cr.P. 32(a)(2). The judgment of the district court is affirmed.