2002 WY 146

**Jeffrey DOLES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Defendant).**

No. 01–172.

Supreme Court of Wyoming.

Oct. 1, 2002.

James P. Castberg, Sheridan, WY, Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE and VOIGT, JJ.

* Chief Justice at time of expedited case conference.

1. At the time of appellant's appearance, circuit courts had not been established. The Circuit Court of the Seventh Judicial District, Natrona County, State of Wyoming, succeeded the Natrona County Court July 1, 2000. 2000 Wyo. Sess.

LEHMAN, Justice.

[¶1] After entering a plea of guilty to conspiring to deliver a controlled substance, pursuant to a plea agreement, appellant took leave of the court's jurisdiction. Upon his apprehension approximately two years later, he was sentenced. Appellant seeks to have the conviction set aside claiming he was denied counsel until he first appeared in the district court; for the court's denial of his request to withdraw his plea; and for a sentence he claims was contrary to the original plea agreement. We affirm.

## ISSUES

[¶2]

1. Is the fact that appellant did not have counsel in the county court where he waived his preliminary hearing reversible error?

2. Did the court err by denying appellant's motion to withdraw his plea of guilty?

3. Was imposition of a consecutive sentence contrary to the plea agreement?

## FACTS

[¶3] In June 1998, appellant was charged with conspiring to deliver methamphetamine. Following his arrest, he appeared in the Circuit Court [1] for Natrona County where he eventually executed a Waiver of Preliminary Hearing. The record provides little information regarding what transpired in the circuit court, however the order binding appellant over to the district court indicates he appeared pro se. At his arraignment in district court, the public defender was appointed to represent appellant. A couple of months after counsel was appointed, appellant filed a pro se Motion to Dismiss the charges based upon the circuit court's failure to appoint counsel. The record contains no disposition of that motion.

Laws, ch. 24, § 9 provides: "All judicial files, records, and dockets belonging to or appertaining to the office of the county court judges and county courts of the counties shall be filed in the appropriate office of the circuit court and safely kept therein, or may be stored and shall in all respects constitute records of the circuit court."

[¶ 4] A jury trial was eventually scheduled for January 4, 1999. On the morning of trial, appellant entered a plea of guilty pursuant to a plea agreement. Appellant was then apparently released on bond and disappeared. The record is silent for some two years until, in March of the year 2001, a Notice of Setting of sentencing was filed. Prior to sentencing, appellant's counsel filed a Motion to Withdraw Plea of Guilty. At the sentencing hearing, after argument, the court denied that motion and proceeded to sentence appellant. The State did recommend a term of months consistent with the original plea agreement and further argued it should be imposed to be served consecutively with another sentence. The court did, in fact, impose the sentence to be served consecutively.

## DISCUSSION

### Issue 1: Denial of counsel in circuit court

[¶ 5] We find little merit in appellant's argument for two reasons. First, the record does not support his conclusion that he was denied counsel. It is appellant's burden on appeal to make an affirmative showing of error. *Gregory v. Sanders*, 635 P.2d 795, 801 (Wyo.1981). Here, the only thing we are offered are his claims that he requested counsel. Transcripts from the circuit court are conspicuous in their absence, and this court can decide issues only on the basis of the record presented. *Bird v. State*, 901 P.2d 1123, 1132 (Wyo.1995).

[¶ 6] The second reason is Wyoming law, which clearly indicates a waiver of this issue upon his plea of guilty. In *Davila v. State*, 831 P.2d 204 (Wyo.1992), the appellant appeared without counsel at his preliminary hearing and was bound over to the district court. In the district court, his retained counsel filed a motion to dismiss the information on the ground that he was denied counsel at his preliminary hearing. The district court denied the motion, and the appellant subsequently entered a no contest plea to a burglary charge. On appeal, this court said:

Davila's claim that he was improperly denied counsel at his preliminary hearing is nonjurisdictional. Denial of the right to representation does not implicate "the very power of the state to bring the defendant into court to answer the charge brought

against him," *Blackledge [v. Perry ]*, 417 U.S. [21] at 30, 94 S.Ct. [2098] at 2103, 40 L.Ed.2d [628] at 636 [(1974)], and would not have prevented a trial. The district court had jurisdiction to proceed to trial and, in fact, had it granted Davila's motion to dismiss, the state could have refiled and proceeded with a new preliminary hearing and trial. As a result, Davila's plea of nolo contendere waived his claim that he was denied counsel at his preliminary hearing.

*Davila*, at 206. *See also Duffy v. State*, 837 P.2d 1047, 1051 (Wyo.1992). It is apparent that any error regarding denial of counsel that may have occurred in the circuit court was waived by appellant's guilty plea.

[¶ 7] Finally, appellant asserts the court erred by not considering appellant's pro se Motion to Dismiss based upon his denial of counsel. The issues surrounding that motion find a similar fate to the underlying claim upon his plea of guilty.

### Issue 2: Did the court err in denying appellant's motion to withdraw plea of guilty

[¶ 8] Appellant's motion alleged his guilty plea was the product of ineffective assistance of counsel. The standard for reviewing a claim of ineffectiveness was recently outlined in *Reyna v. State*, 2001 WY 105, ¶ 19, 33 P.3d 1129, ¶ 19 (Wyo.2001):

"When reviewing a claim of ineffective assistance of counsel, the paramount determination is whether, in light of all the circumstances, trial counsel's acts or omissions were outside the wide range of professionally competent assistance. *Herdt v. State*, 891 P.2d 793, 796 (Wyo.1995); *Starr v. State*, 888 P.2d 1262, 1266–67 (Wyo. 1995); *Arner v. State*, 872 P.2d 100, 104 (Wyo.1994); *Frias v. State*, 722 P.2d 135, 145 (Wyo.1986). The reviewing court should indulge a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Herdt*, at 796; *Starr*, at 1266; *Arner*, at 104; *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Under the two-prong standard articulated in *Strickland* and *Frias*, an appellant

claiming ineffective assistance of counsel must demonstrate on the record that counsel's performance was deficient and that prejudice resulted. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Starr,* at 1266; *King v. State,* 810 P.2d 119, 125 (Wyo.1991) (Cardine, J., dissenting); *Campbell v. State,* 728 P.2d 628, 629 (Wyo.1986); *Frias,* 722 P.2d at 145. In other words, to warrant reversal on a claim of ineffective assistance of counsel, an appellant must demonstrate that his counsel failed to 'render such assistance as would have been offered by a reasonably competent attorney' and that 'counsel's deficiency prejudiced the defense of [the] case.' *Lower v. State,* 786 P.2d 346, 349 (Wyo.1990). 'The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064."

(Quoting *Chapman v. State,* 2001 WY 25, ¶ 6, 18 P.3d 1164, ¶ 6 (Wyo.2001) and *Grainey v. State,* 997 P.2d 1035, 1038–39 (Wyo.2000).) "The district court does not abuse its discretion by denying a motion made prior to sentencing to withdraw a guilty plea if the requirements of W.R.Cr.P. 11 are complied with at the time the plea is accepted. We will not disturb the district court's decision so long as it could have reasonably concluded as it did." *Stout v. State,* 2001 WY 114, ¶ 15, 35 P.3d 1198, ¶ 15 (Wyo.2001) (footnote and citations omitted).

■ [¶ 9] Once again we are led to this discussion by conclusions made in appellant's brief and an affidavit of his mother who states that she overheard appellant's attorney tell him that if he did not accept the plea agreement, the judge would be upset. Appellant concludes in his brief that he did not receive effective assistance of counsel because she had refused to file a motion to dismiss the charges based upon the circuit court's refusal to appoint counsel. As a result, appellant had to file the motion pro se, and it was never resolved by the court. Even assuming appellant did request his counsel to file such a motion, it would be difficult to find her ineffective for failing to

do so given the dearth of factual or legal bases for such a motion.

■ [¶ 10] The second basis is premised upon appellant's counsel telling him that the judge would be upset if he did not accept the proposed plea agreement. From that alleged discussion, appellant claims he was coerced into entering a plea of guilty. Appellant does not contend the court failed to comply with W.R.Cr.P. 11.

[¶ 11] In *Frame v. State,* 2001 WY 72, 29 P.3d 86 (Wyo.2001), this court discussed a motion to withdraw a guilty plea filed before sentencing, where the defendant alleged that he was forced to plead guilty. As in this case, the claim of coercion in *Frame* was portrayed on appeal as an issue of ineffective assistance of counsel, and there was no contention that the district court failed to comply with W.R.Cr.P. 11. This court suggested the following analysis:

A motion to withdraw a guilty plea, such as that filed here, is governed by W.R.Cr.P. 32(d) which provides that if a motion for withdrawal of a guilty plea is made before sentence is imposed, the court may permit withdrawal upon a showing by the defendant of any fair and just reason. A defendant has no absolute right to withdraw a plea of guilty before sentence is imposed, and where the strictures of W.R.Cr.P. 11 have been met, and the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty, the district court's decision to deny such a motion is within its sound discretion. *Burdine v. State,* 974 P.2d 927, 929–30 (Wyo. 1999); 3 Charles Alan Wright, Federal Practice and Procedure: Criminal 2d § 538 (1982 and Supp.2001). Seven factors have been suggested as pertinent to the exercise of the court's discretion: (1) Whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. 3 Wright,

Federal Practice and Procedure: Criminal 2d § 538 (Supp.2001); *United States v. Black,* 201 F.3d 1296, 1299–1300 (10th Cir. 2000).

*Frame,* at ¶ 7.

[¶ 12] Regarding the seven factors guiding the district court's discretion, it may be said from this record: (1) appellant's only assertion of innocence was his original plea of not guilty; he confessed to the crime when interviewed after his arrest; (2) the government would likely suffer prejudice from a plea of withdrawal because the crime involved an informant and occurred three years earlier; (3) appellant delayed filing his motion to withdraw plea of guilty more than two years after his original plea of not guilty; (4) such a long delay would substantially inconvenience the court and would have the effect of rewarding appellant's flight from justice; (5) there is nothing to suggest appointed counsel's assistance was inadequate or unavailable; (6) the original guilty plea was accepted after a thorough colloquy establishing its knowing and voluntary character; and (7) withdrawal of the plea would obviously squander not only judicial resources but the time and efforts of the prosecutor and defense attorney.

[¶ 13] It is evident that appellant failed to supply the district court with any fair and just reason for withdrawing the guilty plea, and the record manifestly demonstrates compliance with Rule 11 in accepting the plea. Denying the motion was a sound exercise of the court's discretion.

### Issue 3: Did the court err by imposing a consecutive sentence

[¶ 14] On appeal, this court gives great deference to the district court's findings of fact regarding the existence and terms of a plea agreement:

It is the district court—as the trier of fact—who must assess the credibility of witnesses and the weight to be given their testimony, in deciding whether there existed a valid plea agreement and its terms and conditions. *People v. Navarroli,* 121 Ill.2d 516, 118 Ill.Dec. 414, 416, 521 N.E.2d 891, 893 (1988). Whether a plea agreement exists dovetails with our own standard of review for questions of fact:

We assume that evidence in favor of the successful party is true, disregarding entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. "So long as there exists substantial evidence supporting the trier of fact's determination, we will not second guess it on appeal." Richardson v. Green, 644 P.2d 778, 779 (Wyo.1982). *See also Anderson v. Bauer,* 681 P.2d 1316, 1319 (Wyo.1984).

*Clouse v. State,* 809 P.2d 791, 794 (Wyo.1991).

[¶ 15] At the sentencing hearing, the transcript of the change of plea hearing, which included the discussions of the plea agreement, was not in the file. Appellant, pressing the advantage of his two-year hiatus, asserted: "If there's a record of the transcript to be found, the record will reflect that the State of Wyoming agreed not to recommend a consecutive sentence. That was part of the plea agreement. That was the only reason I entered into the agreement." The court, however, was not swayed by appellant's recall, and had a copy of the change of plea transcript prepared. Within that transcript, it became obvious that there was no agreement on the part of the State not to recommend a consecutive sentence. Appellant, therefore, now argues that because the State did not specifically reserve the right to argue for a consecutive sentence, it violated the agreement.

[¶ 16] In *Tilley v. State,* 912 P.2d 1140, 1142 (Wyo.1996), this court said:

The sentencing judge has discretion to determine whether sentences shall be served consecutively or concurrently. *Loper v. Shillinger,* 772 P.2d 552, 553 (Wyo.1989). We have also said that "[s]eparate penalties will ordinarily be exacted upon convictions for distinct offenses." *Kennedy v. State,* 595 P.2d 577, 577 (Wyo.1979); *see also Pearson v. State,* 866 P.2d 1297, 1299 (Wyo.1994).

There was nothing in appellant's plea agreement that purported to alter this principle. The agreement did not require the court to impose a concurrent sentence, nor did it require the prosecutor to refrain from asking for a consecutive sentence.

[¶ 17]   The district court correctly found that there was no agreement that the sentence was to be concurrent, and the terms of the agreement show that the prosecutor was not required to refrain from asking for a consecutive sentence.   Consequently, it was permissible for the prosecutor to argue for a consecutive sentence, and the agreement was not breached by the State in any respect. The district court committed no error in imposing a consecutive sentence.

## CONCLUSION

[¶ 18]   For the reasons set forth above, appellant's conviction is affirmed in all respects.