2006 WY 66

**Leonard Lee HIRSCH, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 05–20.

Supreme Court of Wyoming.

May 31, 2006.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; Tina Kerin, Senior Assistant Appellate Counsel; and Wade Redmon, Student Intern. Argument by Mr. Redmon.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and David L. Delicath, Senior Assistant Attorney General. Argument by Mr. Delicath.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

HILL, Chief Justice.

[¶ 1] Leonard Lee Hirsch (Hirsch) pleaded guilty to sexual assault in the third degree in violation of Wyo. Stat. Ann. § 6–2–304(a)(i) [1](LexisNexis 2005). Prior to sentencing, he filed a motion to withdraw the plea. The district court denied the motion and sentenced Hirsch to a term of thirteen and a half to fifteen years in the Wyoming State Penitentiary. On appeal, Hirsch seeks reversal of his conviction and sentence contending that the district court committed error when it: (1) accepted his guilty plea when there was an insufficient factual basis to support it; (2) erroneously denied the motion to withdraw his guilty plea given the ineffective assistance provided by his trial

---

1. § 6–2–304. Sexual Assault in the third degree.
 (a) An actor commits sexual assault in the third degree, under circumstances not constituting sexual assault in the first or second degree:

(i) The actor is at least four (4) years older than the victim and inflicts sexual intrusion on a victim under the age of sixteen (16) years[.]

counsel; (3) sentenced Hirsch without requiring a previously ordered psychosexual evaluation; and (4) considered uncharged conduct at sentencing. Finding no errors, we affirm.

## ISSUES

[¶ 2] Appellant raises the following issues:

I. Was a proper factual basis established, sufficient to permit acceptance of Mr. Hirsch's guilty plea, where the district court was presented with no evidence that Mr. Hirsch "inflicted" sexual intrusion upon the victim?

II. Did the district court err by denying Mr. Hirsch's motion to withdraw his guilty plea based upon his claim of ineffective assistance of counsel?

III. Did the district court commit procedural error when it recanted its order for a psychosexual evaluation, and when it considered at sentencing alleged crimes for which Mr. Hirsch was never charged or convicted?

The State frames the issues as:

I. Contemporaneous to his guilty plea, Appellant admitted that he performed oral sex on his twelve-year-old victim. Did that admission provide the factual basis required by Wyoming Rule of Criminal Procedure 11(f)?

II. The trial court denied Appellant's motion to withdraw his guilty plea. Was that denial an abuse of the trial court's discretion?

III. The trial court elected to sentence Appellant without a psychosexual evaluation. Did the court abuse its discretion in doing so?

IV. The trial court considered Appellant's non-charged conduct in its sentencing decision. Did the court commit plain error when it did so?

## FACTS

[¶ 3] Hirsch befriended his neighbors, including their twelve-year-old daughter, the victim. Hirsch would allow her to use his computer to surf the internet and check her email. They began a sexual relationship that Hirsch alleged was instigated by the victim. Over a period of months, Hirsch would perform oral sex on the victim on a weekly basis. On at least two occasions, the victim performed oral sex on Hirsch.

[¶ 4] On November 17, 2003, a felony information was filed charging Hirsch with one count of third degree sexual assault. Hirsch waived his preliminary hearing and was bound over to the district court. At his arraignment on February 4, 2004, Hirsch entered a plea of guilty. The district court ordered Hirsch to obtain a psychosexual evaluation.

[¶ 5] In March of 2004, Hirsch's trial counsel withdrew and new counsel was appointed in April. On August 3, 2004, Hirsch filed a motion to withdraw his guilty plea predicated upon a claim that his initial trial counsel rendered ineffective assistance when advising him to plead guilty. On October 13, 2004, the district court held a joint hearing on the motion to withdraw the plea and for sentencing. After hearing argument from counsel, the court denied the motion. Hirsch sought to delay sentencing on the basis that he had not yet obtained the ordered psychosexual evaluation. The court concluded that an evaluation was not required by law and proceeded to sentence Hirsch to a term of thirteen and a half to fifteen years.

[¶ 6] On October 21, 2004, Hirsch filed a Motion to Re–Sentence claiming that he had received inadequate notice of the court's intent to proceed with sentencing during the hearing on the motion to withdraw plea. The court held a re-sentencing hearing on December 8, 2004, at the conclusion of which it re-imposed the same sentence.

[¶ 7] Additional facts will be set forth as we address the claims raised by Hirsch in his appeal.

## DISCUSSION

*Factual Basis for Plea*

[¶ 8] In his first issue, Hirsch challenges the sufficiency of the factual basis for his plea.

W.R.Cr.P. 11(f) provides:

*Determining accuracy of plea.*—Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

[¶ 9] In *Sami v. State*, 2004 WY 23, ¶¶ 9–10, 85 P.3d 1014, 1017–18 (Wyo.2004), we said:

This Court reviews the conduct of a hearing in which a guilty plea is entered as a whole. *Mehring v. State*, 860 P.2d 1101, 1106 (Wyo.1993). "Our inquiry determines if the district court sufficiently described the nature of the charges, including the possible penalties; informed the defendant of the right to representation; informed the defendant of the rights waived by a guilty plea; and obtained a factual basis for the plea." *Id.* The intent of the procedural requirements is to prevent the individual charged with a crime from being misled into a waiver of substantial rights. *Id.* W.R.Cr.P. 11 requires that the district court satisfy itself that a factual basis exists for the guilty plea before accepting

such plea. *Rude v. State*, 851 P.2d 15, 18 (Wyo.1993). A sufficient inquiry includes a determination that the defendant understood his conduct, in light of the law, to be criminal. *Barnes v. State*, 951 P.2d 386, 389 (Wyo.1998). Rule 11 does not require proof beyond a reasonable doubt that a defendant who pleads guilty is actually guilty nor does it require complete descriptions of the elements in accepting a plea. *Mehring*, 860 P.2d at 1108–09; *see* W.R.Cr.P. 11(b).

. . . .

. . . The trial judge may properly draw inferences from the defendant's admissions or the evidence presented by the state to satisfy all elements of the crime to which the defendant is pleading guilty. *Rude*, 851 P.2d at 18.

[¶ 10] Hirsch pleaded guilty to "inflict[ing] sexual intrusion on a victim under the age of sixteen years" while being at least four years older than the victim under circumstances not constituting first or second degree sexual assault.[2] Hirsch contends that

---

2. First degree sexual assault occurs when:

 (a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the first degree if:

 (i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement;

 (ii) The actor causes submission of the victim by threat of death, serious bodily injury, extreme physical pain or kidnapping to be inflicted on anyone and the victim reasonably believes that the actor has the present ability to execute these threats;

 (iii) The victim is physically helpless, and the actor knows or reasonably should know that the victim is physically helpless and that the victim has not consented; or

 (iv) The actor knows or reasonably should know that the victim through a mental illness, mental deficiency or developmental disability is incapable of appraising the nature of the victim's conduct.

Wyo. Stat. Ann. § 6–2–302(LexisNexis 2005). Sexual assault in the second degree occurs under the following circumstances:

 (a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:

 (i) The actor causes submission of the victim by threatening to retaliate in the future against he victim or the victim's spouse, par-

ents, brothers, sisters or children, and the victim reasonably believes the actor will execute this threat. "To retaliate" includes threats of kidnapping, death, serious bodily injury or extreme physical pain;

 (ii) The actor causes submission of the victim by any means that would prevent resistance by a victim of ordinary resolution;

 (iii) The actor administers, or knows that someone else administered to the victim, without the prior knowledge or consent of the victim, any substance which substantially impairs the victim's power to appraise or control his conduct;

 (iv) The actor knows or should reasonably know that the victim submits erroneously believing the actor to be the victim's spouse;

 (v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim;

 (vi) The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit; or

 (vii) The actor inflicts sexual intrusion in treatment or examination of a victim for purposes or in a manner substantially inconsistent with reasonable medical practices.

 (b) A person is guilty of sexual assault in the second degree if he subjects another person to sexual contact and causes serious bodily injury to the victim under any of the circumstances listed in W.S. 6–2–302(a)(i) through

the district court should not have accepted the plea because the factual basis was not sufficient to establish that he "inflicted" sexual intrusion [3] on the victim. Hirsch contends that the statute contemplates the use or threat of force by utilizing the verb "inflicts" in subsection (a)(i), and the verb "subjects" in subsections (a)(ii)-(iii). Hirsch claims that there is nothing in the factual recitation given in support of the plea to indicate that force was present here. While acknowledging that consent is immaterial under the third degree sexual assault statute, Hirsch contends that this situation is different because the victim did not merely acquiesce in having sex with him; rather, the victim initiated the relationship. Hirsch insists that obliging the victim's request is not sufficient to "inflict [4]" sexual intrusion. According to Hirsch, his conduct was more properly characterized as a violation of the indecent liberties statute, Wyo. Stat. Ann. § 14–3–105(a) (LexisNexis 2005).[5]

▮ [¶ 11] Initially, we note that whether or not another statute exists under which the defendant could have arguably been charged is an irrelevancy: "The prosecutor is vested with the exclusive power to determine who to charge with a crime and with what crime to charge them." *DeLeon v. State*, 896 P.2d 764, 768 (Wyo.1995) (citing *Billis v. State*, 800 P.2d 401, 417 (Wyo.1990)).

▮ [¶ 12] In the context of circumstances prohibited under the third degree sexual assault statute, the distinction Hirsch attempts to draw between a situation in which an actor initiates sexual relations with a victim and one in which the relationship was initiated by the victim, as is alleged here, is one with no legal difference. "Sexual intercourse is without consent when, for *any* reason, the victim is not in a position to exercise independent judgment about the matter." *Wilson v. State*, 655 P.2d 1246, 1258 (Wyo.1982) (emphasis added). The third degree sexual assault statute provides an age of consent of sixteen. *Moe v. State*, 2005 WY 58, ¶ 13, 110 P.3d 1206, 1211 (Wyo. 2005). As a matter of law, the victim in this case had no capacity to consent to the acts Hirsch admitted engaging in with her. No act of hers could constitute a defense to the crime charged.

[¶ 13] After entering a guilty plea, Hirsch gave the following responses to the district court:

Court: Okay. And you had a young girl who was your next-door neighbor. Was she your next-door neighbor? Tell me about your interaction with the young girl on October 16th, 2003.

Hirsch: All right. I must clarify that it was not on October 16th.

Court: Okay. When was it?

Hirsch: The best I can remember it was the 10th of October.

. . . .

Court: Okay. So October 10th of 2003. And tell me what happened.

---

(iv) or paragraphs (a)(i) through (vi) of this section.
Wyo. Stat. Ann. § 6–2–303(LexisNexis 2005).

3. "Sexual intrusion" is statutorily defined as:
(A) Any intrusion, however slight, by any object or any part of a person's body, except the mouth, tongue or penis, into the genital or anal opening of another person's body if that sexual intrusion can reasonably be construed as being for the purposes of sexual arousal, gratification or abuse; or
(B) Sexual intercourse, cunnilingus, fellatio, analingus or anal intercourse with or without emission.
Wyo. Stat. Ann. § 6–2–301(a)(vii)(A) & (B)(LexisNexis 2005).

4. Hirsch cites the following definition of "inflict:"

1. to impose as something that must be borne or suffered * * *. 2. to impose (anything unwelcome)[.]
Random House Webster's Unabridged Dictionary, 2nd Ed. For purposes of this opinion, we will accept that definition.

5. That statutory provision states, in relevant part:

Except under circumstances constituting sexual assault in the first, second or third degree as defined by W.S. 6–2–302 through 6–2–304, any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony.

Hirsch: All right. As usual, she come over to see me, and she was on the computer for a little while.

Court: And how old is this little girl?

Hirsch: At that time she was 12.

Court: And you knew she was 12?

Hirsch: Yes, Your Honor, I did.

Court: Okay. And so she was at your home working on your computer or playing or whatever kids do on computers?

Hirsch: She checks her e-mail, and sometimes she surfs the web.

Court: Okay. And so then what happened? She's over at your home e-mailing and surfing the web, and she's 12 years old, and you know that. Okay.

Hirsch: Yes, Your Honor. This has been quite often, so this is like standard. She comes over quite a bit.

. . . .

Court: Was this daily?

Hirsch: No, about weekly.

Court: Okay. Okay, then tell me what happened.

Hirsch: She just told me she wanted some, and we went back in the bedroom. And I gave her oral sex, and that's what it was. I had no penetration that day or anything; it was oral sex for her and her only.

Court: What did she say to you?

Hirsch: Okay. She just told me she wanted some.

Court: And you, you know, "I want to have sex with you, or I want—" I mean, can you remember her exact words? Or did she just say, "I just want some," and you knew what she meant?

Hirsch: The exact words—uh, I really can't remember the exact words.

Court: Had she ever said anything like that to you before?

Hirsch: Yes, Your Honor, she has.

Court: And you had never done anything before?

Hirsch: Yes, Your Honor, we had.

Court: So it wasn't the first time?

Hirsch: No, Your Honor.

Court: Okay. And the affidavit—I mean, that is certainly enough—but tell me how old you are.

Hirsch: Forty-nine.

Court: Okay. And by oral sex—it's called cunnilingus. But you had oral sex with her—or she performed oral sex on you? I didn't—

Hirsch: No . . .

Court: Yes, just tell me. Tell me.

Hirsch: I licked her pussy.

Court: Okay. And did you make her perform oral sex on you?

Hirsch: No. I never made her do anything. Everything was what she wanted, and only what she wanted. And if she said "yes," it was yes; if she said "no," it was no. And that's the way it was since I met her.

Court: Did you ever have intercourse with her?

Hirsch: No, Your Honor. To the best of my knowledge, she is still a virgin.

Court: Did you ever require her to perform oral sex on you?

Hirsch: I never required it. She did perform oral sex on me, two times.

Since the acts of sexual intrusion Hirsch engaged in with the victim were legally non-consensual, a reasonable inference could be drawn from the facts admitted by Hirsch that they were "inflicted" on the victim as that term is used in the definition proffered by Hirsch. The foregoing admissions by Hirsch established a sufficient factual basis for the court to accept the guilty plea.

*Denial of Motion to Withdraw Plea*

[¶ 14] Hirsch contends that the district court erred in denying the motion to withdraw his guilty plea.

A district court's ruling on a motion to withdraw a guilty plea or a plea of nolo contendere is addressed to the sound discretion of the trial court.

A defendant does not enjoy an absolute right to withdraw a plea of guilty prior to the imposition of sentence. *Osborn v. State*, 672 P.2d 777, 788 (Wyo. 1983), *cert. denied*, 465 U.S. 1051, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984); *Ecker*

*v. State,* 545 P.2d 641, 642 (Wyo.1976). The trial court is vested with discretion to determine whether to grant a motion to withdraw a plea of guilty made prior to sentencing, and it does not abuse that discretion by denying the withdrawal of the plea so long as the requirements of W.R.Cr.P. 11 were complied with at the time the plea was accepted. *Kaldwell v. State,* 908 P.2d 987, 990 (Wyo.1995). Even when the defendant provides a plausible or just and fair reason for withdrawal of the plea of guilty, the denial of the defendant's motion does not amount to an abuse of discretion if the trial court conducted a careful hearing pursuant to W.R.Cr.P. 11 at which the defendant entered a plea or pleas of guilty that was knowing, voluntary, and intelligent. *Osborn,* 672 P.2d at 778–79.

*Stout v. State,* 2001 WY 114, ¶ 8, 35 P.3d 1198, ¶ 8 (Wyo.2001) (quoting *Nixon v. State,* 4 P.3d 864, 868–69 (Wyo.2000)); and see *Becker v. State,* 2002 WY 126, ¶ 11, 53 P.3d 94, ¶ 11 (Wyo.2002)(for purposes of a review such as this, a plea of nolo contendere is functionally equivalent to a guilty plea).

This standard of review has been further refined as follows:

> A motion to withdraw a guilty plea, such as that filed here, is governed by W.R.Cr.P. 32(d) which provides that if a motion for withdrawal of a guilty plea is made before sentence is imposed, the court may permit withdrawal upon a showing by the defendant of any fair and just reason. A defendant has no absolute right to withdraw a plea of guilty before sentence is imposed, and where the strictures of W.R.Cr.P. 11 have been met, and the defendant intelligently, knowingly, and voluntarily entered into his plea of guilty, the district court's decision to deny such a motion is within its sound discretion. *Burdine v. State,* 974 P.2d 927, 929–30 (Wyo.1999); 3 Charles Alan Wright, Federal Practice and Procedure: Criminal 2d § 538 (1982 and Supp.2001). Seven factors have been suggested as pertinent to the exercise of the court's discretion: (1) Whether the defendant has asserted his inno-cence; (2) whether the government would suffer prejudice; (3) whether the defendant has delayed in filing his motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was present; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. 3 Wright, Federal Practice and Procedure: Criminal 2d § 538 (Supp.2001); *United States v. Black,* 201 F.3d 1296, 1299–1300 (10th Cir.2000).

*Frame v. State,* 2001 WY 72, ¶ 7, 29 P.3d 86, ¶ 7 (Wyo.2001).

Furthermore, "[t]he findings of fact that led to denial of a motion to withdraw a guilty plea are subject to the clearly erroneous standard of review, while the decision to deny the motion is reversed only if it constituted an abuse of discretion." 3 Charles Alan Wright, Nancy J. King and Susan R. Klein, Federal Practice and Procedure: Criminal 2d § 538 (Supp.2003).

*McCard v. State,* 2003 WY 142, ¶¶ 6–8, 78 P.3d 1040, 1042–43 (Wyo.2003).

[¶ 15] Hirsch does not claim that the requirements of W.R.Cr.P. 11 (LexisNexis 2005) were not followed. Instead, Hirsch's motion was predicated on an allegation that his guilty plea was the product of ineffective assistance of counsel.

> "When reviewing a claim of ineffective assistance of counsel, the paramount determination is whether, in light of all the circumstances, trial counsel's acts or omissions were outside the wide range of professionally competent assistance. *Herdt v. State,* 891 P.2d 793, 796 (Wyo. 1995); *Starr v. State,* 888 P.2d 1262, 1266–67 (Wyo.1995); *Arner v. State,* 872 P.2d 100, 104 (Wyo.1994); *Frias v. State,* 722 P.2d 135, 145 (Wyo.1986). The reviewing court should indulge a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Herdt,* 891 P.2d at 796; *Starr,* 888 P.2d at 1266; *Arner,* 872 P.2d at 104; *Strickland v. Washing-*

*ton,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Under the two-prong standard articulated in *Strickland* and *Frias,* an appellant claiming ineffective assistance of counsel must demonstrate on the record that counsel's performance was deficient and that prejudice resulted. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Starr,* 888 P.2d at 1266; *King v. State,* 810 P.2d 119, 125 (Wyo.1991) (Cardine, J., dissenting); *Campbell v. State,* 728 P.2d 628, 629 (Wyo. 1986); *Frias,* 722 P.2d at 145. In other words, to warrant reversal on a claim of ineffective assistance of counsel, an appellant must demonstrate that his counsel failed to 'render such assistance as would have been offered by a reasonably competent attorney' and that 'counsel's deficiency prejudiced the defense of [the] case.' *Lower v. State,* 786 P.2d 346, 349 (Wyo. 1990). 'The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064."

*Doles v. State,* 2002 WY 146, ¶ 8, 55 P.3d 29, 31–32 (Wyo.2002) (quoting *Reyna v. State,* 2001 WY 105, ¶ 19, 33 P.3d 1129, 1134–35 (Wyo.2001); *Chapman v. State,* 2001 WY 25, ¶ 6, 18 P.3d 1164, 1168 (Wyo.2001); and *Grainey v. State,* 997 P.2d 1035, 1038–39 (Wyo.2000)).

 [¶ 16] In considering the seven factors from *Frame,* we find the first, fifth, and sixth to be dispositive and focus our discussion on them. The first factor asks whether or not the defendant has asserted his innocence. Hirsch contends that this factor favored granting the motion to withdraw his guilty plea because he "admitted only to obliging the victim's requests" and "did not consider himself guilty of 'inflicting' anything upon the victim." This, of course, is simply a reiteration of the claim that we have already rejected. Hirsch admitted to the conduct charged during the investigatory phase in interviews with law enforcement personnel and during arraignment when he pleaded guilty. At no time in these proceedings did Hirsch ever assert innocence.

[¶ 17] The fifth factor asks if close attention of counsel was present. The basis of Hirsch's motion to withdraw his guilty plea was that he was not afforded effective assistance of counsel. Initially, Hirsch argues that a showing of ineffective assistance of counsel may constitute a fair and just reason to grant a motion to withdraw a guilty plea by itself, beyond a showing under the *Frame* factors. Hirsch admits that some "difficulty" exists here in making that showing because, although a claim for ineffective assistance formed the basis of his motion to withdraw, it was not argued during the hearing on the motion. Not only was the claim not argued during the hearing, Hirsch provided no evidence in support of his claim. At the motion hearing, Hirsch did not testify and, despite having subpoenaed his original counsel, Hirsch did not call him as a witness. The burden was on Hirsch to demonstrate on the record that his counsel's performance was deficient and that it caused prejudice. *Doles,* at ¶ 8, 55 P.3d at 31–32. Hirsch failed to make the requisite showing and the district court did not abuse its discretion when it failed to grant his motion to withdraw on these grounds. *Dichard v. State,* 844 P.2d 484, 486–87 (Wyo.1992).

[¶ 18] In a related argument, Hirsch contends that even if his ineffective assistance claim does not "constitute an independent 'fair and just reason' for allowing him to withdraw his plea because it was not argued at the motion hearing, the claim nevertheless should weigh strongly in [his] favor under the fifth factor of the abuse of discretion test set forth in *Frame.*" Hirsch notes that attached to the motion to withdraw was a sworn affidavit signed by him attesting to the truth of the assertions underlying the claim of ineffective assistance. Hirsch argues that our decision in *Brock v. State,* 981 P.2d 465 (Wyo.1999), required the district court to accept his statements regarding the ineffectiveness of his counsel as true in the absence of any contrary evidence presented by the State.

[¶ 19] Hirsch misinterprets our holding in *Brock* and we conclude that in the absence of

any evidence of ineffective assistance from trial counsel, the factor does not weigh in his favor.

[¶ 20] In *Brock,* the defendant entered a guilty plea to aggravated assault, three misdemeanor counts of telephone harassment, and one misdemeanor count of terroristic threats. 981 P.2d at 467–68. After replacing counsel, Brock moved to withdraw his guilty pleas prior to sentencing. Brock requested a hearing on the motion but the court denied the motion without a hearing concluding that the pleas were in compliance with W.R.Cr.P. 11, and that the motion did not articulate persuasive or cogent reasons for withdrawal. *Id.* at 468. On appeal, we reversed, finding that the district court had abused its discretion by denying the motion without granting a hearing. *Id.* We analogized the situation to a motion to dismiss for failure to state a claim under W.R.C.P. 12(b)(6) where all facts alleged are accepted as being true and viewed in the light most favorable to the party opposing the motion, and held that a hearing must be conducted on a motion to withdraw a guilty plea based upon an allegation of ineffective assistance of counsel if the factual assertions, taken as true, would demonstrate that there was a reasonable probability that the defendant would not have entered the plea except for the presence of the errors of counsel. *Id.* at 468–69.

[¶ 21] The holding in *Brock* merely requires the district court to take the allegations of ineffectiveness as true for the purpose of determining whether or not to hold a hearing on the motion to withdraw a guilty plea. It does not absolve a defendant of his burden of proving the allegation of ineffective assistance. Since there was a hearing on the motion to withdraw in this case, *Brock* is simply not applicable here. There is "a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment" and, in the absence of any evidence of ineffective assistance from Hirsch's counsel, we decline to presume that this factor favors allowing withdrawal of his plea.

[¶ 22] The final *Frame* factor we must note is the sixth, which asks if the original plea was voluntary and knowing. Hirsch acknowledges that W.R.Cr.P. 11 was complied with, and our independent review of the transcript confirms that the plea was voluntarily and knowingly given.

[¶ 23] In light of the foregoing, we cannot conclude that the district court abused its discretion in denying Hirsch's motion to withdraw his guilty plea.

*Psychosexual Evaluation*

[¶ 24] After accepting the guilty plea, the district court ordered Hirsch to obtain a psychosexual evaluation by April 30, 2004. Pursuant to a request from the State, the time for filing the evaluation was extended to June 30, 2004. On June 8, 2004, Hirsch filed a motion seeking a continuance of sentencing scheduled for June 10 as the evaluation had not yet been completed. The motion was granted. At sentencing, defense counsel indicated that the evaluation was not completed because Hirsch was indigent and requested that he be sent to the State Hospital for evaluation. The court concluded that the evaluation was not required and proceeded to sentence Hirsch. On appeal, Hirsch contends that the district court abused its discretion when it sentenced him without an evaluation.

[¶ 25] W.R.Cr.P. 32(a)(2) provides, in pertinent part:

> (2) Report.—The report of the presentence investigation shall contain:
>
> (A) Information about the history and characteristics of the defendant, including prior criminal record, if any, financial condition, and any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in the correctional treatment of the defendant;
>
> . . . .
>
> (D) Such other information as may be required by the court.

"The plain language of the rule gives the district court judge discretion to include any information which may aid him in his task of imposing a fair sentence in light of all the

available facts without limitation." *Horneck-er v. State,* 977 P.2d 1289, 1292 (Wyo.1999).

A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.

*Brower v. State,* 1 P.3d 1210, 1216 (Wyo. 2000) (citing *Smith v. State,* 941 P.2d 749, 750 (Wyo.1997) and *Wayt v. State,* 912 P.2d 1106, 1109 (Wyo.1996)).

[¶ 26] In 1987, the Wyoming Legislature repealed a series of statutes that provided for, among other things, compulsory mental health evaluations of defendants convicted of certain sex offenses prior to sentencing. 1987 Wyo. Sess. Laws, Ch. 41, at 69–70. In *Hornecker,* we addressed the effect of that repeal in the context of a claim by a defendant that the district court had abused its discretion by considering a psychosexual evaluation.

Hornecker asks us to view the repeal of Wyo. Stat. Ann. §§ 7–13–601 through 7–13–605 as withdrawing judicial authority to order such mental evaluations. Wyo. Stat. Ann. §§ 7–13–601 through 7–13–605, repealed in 1987, provided for **compulsory** mental health evaluations for certain enumerated sex offenses prior to sentencing. [Emphasis in original.] Hornecker argues that under the current statutory scheme, mental evaluations can only be ordered pursuant to W.R.Cr.P. 12 (where the defendant pleads not guilty by reason [of] mental illness [or] deficiency) or Wyo. Stat. Ann. §§ 7–11–301 through 7–11–307 (Michie 1997) (where it appears that the defendant is unfit to proceed due to mental illness or deficiency). We decline to draw such an inference from the repeal. *The only reasonable inference that can be drawn from the repeal of mandatory mental evaluation statutes, where the legislature has not specifically withdrawn the power of the court to order the evaluation s, is that the legislature intended to make the decision to order an evaluation discretionary.* Therefore, we hold that the repeal of Wyo. Stat. Ann.

§§ 7–13–601 through 7–13–605 did not deprive the courts of their power to order mental health evaluations for sentencing purposes pursuant to W.R.Cr.P. 32(a)(2). [Emphasis added.]

*Hornecker,* 977 P.2d at 1292. In a subsequent decision, we held that a district court did not abuse its discretion when it proceeded to sentencing without an evaluation:

Brower did not request the evaluation in his motion for continuance, to the probation officer during preparation of the presentence investigation report, or at sentencing. He did not claim or specify what prejudice would occur in either his continuance motion or during the sentencing hearing should the court determine sentence without benefit of this information. On appeal, he does not specify or explain the benefit that he would have derived from a sexual offender evaluation and what impact it potentially held for the ultimate sentencing determination. Under these circumstances, we find no procedural violation of W.R.Cr.P. 32 occurred because these showings were not made. We further find that these circumstances establish that Brower suffered no prejudice when the district court proceeded with sentencing without the evaluation.

*Brower v. State,* 1 P.3d 1210, 1216 (Wyo. 2000).

[¶ 27] Hirsch argues that the district court committed a procedural error when it proceeded to sentencing without the evaluation that it had previously ordered. Hirsch differentiates his situation from *Brower* by pointing out that he did request the evaluation prior to sentencing. Furthermore, he claims prejudice because there was a "significant probability" that a psychosexual evaluation would have mitigated any concerns that Hirsch posed a continuing threat to the community given that he had no prior sexual offense convictions.

[¶ 28] Our review of the record leads us to conclude that the district court did not abuse its discretion and that Hirsch has failed to demonstrate prejudice. The order requiring a psychosexual evaluation was issued by the district court on February

27, 2004. The deadline for obtaining the evaluation was set for April 30, which was later extended to June 30 at the request of the State. On June 8, 2004, Hirsch sought and obtained a continuance of sentencing because the evaluation had not been completed. Sentencing took place on October 13, 2004. At the outset of the hearing, Hirsch informed the court that he had been examined by two evaluators but they had refused to release any report because he could not pay them. Hirsch then suggested that sentencing be postponed and he be sent to the State Hospital to obtain an evaluation. The problem with Hirsch's argument is that the court ordered the evaluation in February; two deadlines passed and sentencing was continued in June at Hirsch's request so that an evaluation could be completed. Yet, it was not until sentencing was finally held later in October that Hirsch claims for the first time that he could not obtain an evaluation because of financial reasons. Hirsch never filed any objection to the requirement that he pay for the evaluation. Eight months elapsed from the date the evaluation was ordered until the sentencing hearing and not once, even in the motion seeking to delay sentencing in June filed by Hirsch for the express purpose of additional time to obtain the evaluation, was the question of his ability to pay for the evaluation brought to the court's attention. Under these circumstances, we cannot say that the district court abused its discretion when it decided to proceed with sentencing without an evaluation.

[¶ 29] Additionally, Hirsch has failed to establish any prejudice arising from the district court's decision. His claim that there was a "significant probability" that an evaluation would have shown little risk of re-offending is an inference he derives from his interpretation of selected facts in the record. Similarly, the State points to other facts in the record that would support a reasonable inference that there is a significant risk of re-offense. In short, the views of both parties as to what a psychosexual evaluation would reveal are simply speculation. The burden, however, is on Hirsch to demonstrate prejudice. Without any evidence as to what the findings of an evaluation would be in the record, he has failed to carry that burden

and, under these circumstances, we find no procedural violation in sentencing.

*Consideration of Uncharged Conduct Evidence in Sentencing*

[¶ 30] The charge against Hirsch was based on a single encounter with the victim occurring on October 10, 2003. During sentencing, the district court considered evidence of a series of similar incidents between Hirsch and the victim. In his final issue, Hirsch asks this Court to adopt "offense of conviction" sentencing.

The ABA standards advocate sentencing for the "offense of conviction," which limits the sentencing court to information pertaining strictly to the offense for which the defendant is sentenced plus narrowly defined mitigating and aggravating factors. A.B.A. Standards for Criminal Justice Sentencing 18–3.6 (3d ed.1994). A "real-offense" sentencing jurisdiction allows the sentencing court to properly consider as much information about the defendant as the court finds is relevant to the determination of the sentence. *Id.*

*Manes v. State,* 2004 WY 70, ¶ 11, 92 P.3d 289, 292 (Wyo.2004). If "offense of conviction" sentencing is adopted, Hirsch argues that the district court abused its discretion by considering the uncharged conduct and a remand for re-sentencing should be ordered.

[¶ 31] Historically, trial courts have been granted broad discretion to consider a wide range of factors about the defendant and his crimes when imposing sentence. *Manes,* ¶ 9, 92 P.3d at 292 (citing *Mehring v. State,* 860 P.2d 1101, 1115 (Wyo.1993) and *Griebel v. State,* 763 P.2d 475, 477 (Wyo. 1988)); see also *Bitz v. State,* 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo.2003).

We will not disturb a sentencing decision absent a clear abuse of discretion. *Jones v. State,* 771 P.2d 368, 371 (Wyo.1989). In sentencing, due process provides a right to be sentenced only on accurate information. *Mehring,* 860 P.2d at 1117; *Clouse v. State,* 776 P.2d 1011, 1014 (Wyo.1989). On appeal, the defendant must demonstrate that the trial court relied upon the statements in sentencing to prevail. *Mehring,*

598

at 1115. "However, when no objection is made concerning the consideration of a particular factor, review is necessarily confined to a search for plain error. Plain error, as we have often stated, occurs when the record clearly shows an error that transgressed a clear and unequivocal rule of law which adversely affected a substantial right." *Hornecker v. State*, 977 P.2d 1289, 1291 (Wyo.1999); see also *Craver v. State*, 942 P.2d 1110, 1115 (Wyo.1997). Victim impact information about other crimes or convictions unrelated to the particular crime for which sentence is about to be imposed is permissible. *Mehring*, 860 P.2d at 1116–17. "W.R.Cr.P. 32(a) specifically permits information about the prior criminal record of the defendant and his characteristics to be considered by the trial court before imposing sentence. In evaluating character, the trial court, in exercising its discretion, may consider a broad range of reports and information." *Id.*; see also *Christy v. State*, 731 P.2d 1204, 1207–08 (Wyo.1987). Evidence of prior criminal activity is "highly relevant to the sentencing decision" and may be considered by the sentencing court despite the fact that no prosecution or conviction may have resulted. *Mehring*, at 1117.

*Manes*, ¶ 9, 92 P.3d at 292.

[¶ 32] The question of whether or not Wyoming should adopt "offense of conviction" sentencing was raised by the defendant in *Manes*. We declined to consider the matter because it was not necessary to resolution of the case. *Manes*, ¶ 11, 92 P.3d at 292–93. The same is true of this case. Like the defendant in *Manes*, Hirsch did not object to consideration of the uncharged conduct in the presentence investigation report. This means that application of the plain error standard is triggered. Hirsch cannot establish the second prong of that test by showing transgression of a clear and unequivocal rule of law. Application of our well-established precedent means that Hirsch cannot demonstrate prejudice: the information considered by the district court was accurate and the sentence imposed was within the parameters allowed by statute. Without a showing of prejudice, Hirsch is not entitled a new sentencing hearing. *Id.* ¶ 13, 92 P.3d at 293.

## CONCLUSION

[¶ 33] There being no error, the judgment and sentence of the district court is affirmed.